MILLS, Judge.
Caetano brings this timely appeal from a nonfinal order denying his motion for rehearing. He contends the trial court erred in granting Bridges’ motion for summary judgment on the issue of liability. We agree and reverse.
On 6 April 1985, Elaine Caetano, the adult daughter of the appellant, borrowed her father’s car to use as transportation to and from work. Instead of driving to work, Elaine drove the car to Pensacola Beach to look for her live-in boyfriend, Wade Freeman. Prior to this date, Freeman had been arrested and Elaine had borrowed $250 from her sister to pay the fine for his release. Elaine was aware that her boyfriend was planning to go out to the beach and spend money “partying,” which they needed to pay rent.
Elaine discovered Freeman at the beach in a local drinking establishment where he was accompanied by two women, Jane Tip-ton and Natalie Bridges, the appellee herein. Freeman refused to leave the bar with Elaine and an argument then broke out between the two women and Elaine. Eventually, Elaine left the bar by herself. As she was preparing to drive away, Elaine viewed Freeman walking hand-in-hand with the two women. Overcome by her anger at the situation, Elaine tried to run over the three with her father’s car. Freeman and Bridges received injuries; however, Tipton turned around and saw Elaine before the impact and was able to jump out of the way.
On 24 July 1985, Elaine pled no contest to the charge of aggravated battery. Accordingly, she was ordered to make restitution to the victims and sentenced to 11 months in jail. Thereafter, Bridges initiated the present action by filing a complaint naming Elaine, her father, and her father’s insurance company, United Service Automobile Association (USAA), as code-fendants.
On 30 December 1985, USAA filed a motion to have it dismissed as a party to the case on the grounds that a summary judgment entered in United Services Automobile Association v. Manuel F. Caetano, Jr. and Elaine F. Caetano, Case No. 85-3493, concluded as a matter of law that the insurance company had no obligation to provide a defense for either Elaine or her father as a result of the 6 April incident or to provide liability coverage for the Caetano family. The summary judgment was based on the finding that Elaine intentionally tried to injure the pedestrians named in the complaint. On 11 February 1986, USAA’s motion to dismiss was granted.
Following this, Bridges moved for summary judgment as to the issue of liability against the appellant and his daughter. On 29 May 1986, the trial court entered summary judgment in favor of Bridges. The remaining issue of damages was to be determined by a jury. Caetano responded to the order by filing a motion for rehearing. This motion was denied by order rendered on 29 July 1986. This timely appeal then ensued.
Caetano’s only involvement in this case is as owner of the car. Under Florida’s dangerous instrumentality doctrine, “the owner of a vehicle is liable to third persons for its negligent operation by anyone to whom it has been entrusted, even if the bailee *53 grossly violates the owner’s express instructions concerning its use.” Avis Rent-A-Car Systems, Inc. v. Garmas, 440 So.2d 1311, 1313 (Fla. 3d DCA 1983), pet. for rev. denied, 451 So.2d 848 (Fla.1984), citing Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920), and Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959). This rule of liability rests on the principle of respondeat superior, arising from a principal and agent relationship implied in law. Weber v. Porco, 100 So.2d 146 (Fla.1958); May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla.1955).
A car owner’s liability grows out of his obligation to have a vehicle, dangerous in its use, properly operated when it is by his authority upon the public highway; however, he is liable only if the operator is negligent under the circumstances and is not accountable if the operator is involved in intentional misconduct which is not foreseeable. Southern Cotton Oil Co. v. Anderson, supra. Herein, Caetano asserts that the conduct of his daughter in running down Bridges was a willful, intentional, criminal act. However, Bridges’ version of the facts is that Elaine intended to run over only her boyfriend, Freeman, and negligently misjudged or failed to consider the appellee’s proximity to Freeman.
Summary judgment can only be rendered when the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show there is “no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla.R. Civ.P. 1.510; Fla.Jur.2d, Summary Judgment, § 7. In the instant case, there is a “genuine issue” as to whether Elaine’s action of running down the appellee was intentional or the result of negligence. Hence, the trial court’s order granting summary judgment must be reversed.
In her brief, Bridges erroneously asserts that Elaine’s “original statement” made no mention of any intention to injure the ap-pellee. To the contrary, from Elaine’s statement it is hard to determine who she was more angry with, the appellee or her boyfriend. According to Elaine, Bridges directed “a lot of foul language to her,” kept insisting that they go outside the bar to fight, and “started really putting the make on [Wade Freeman]” when she found out that Elaine was his girlfriend so that Elaine would get upset. Moreover, in Bridges’ motion for summary judgment the following ground is set forth as a basis for the judgment:
Based upon the documents of record in the Court file, including the affidavit of Elaine F. Caetano and the recorded statement of Elaine F. Caetano, it has been admitted by the defendant, Elaine F. Caetano, that she intentionally and deliberately ran over the plaintiff, Natalie K. Bridges, on April 6, 1985, and therefore there is no question as to liability in this case.
Reversed.
BOOTH, C.J., and THOMPSON, J., concur.