HENDRY, Judge.
Plaintiff appeals from an amended final judgment finding defendants/appellees not liable in plaintiff’s action to recover damages for personal injuries he sustained while at his workplace. Plaintiff’s second amended complaint alleged that his injuries were the direct and proximate result of defendants’ negligence and willful and wanton disregard for his safety. It further alleged that defendants were co-employees and supervisors of plaintiff, in the employ of L & M Contractors, Inc., a Florida corporation; that they had ordered plaintiff to continue to perform his work in the presence of an unreasonably dangerous and hazardous condition, towit, a foreign material left on the floor of the warehouse work premises; and that such actions constituted gross negligence, or willful and wanton disregard for appellant’s safety. The judgment under review was entered pursuant to defendants’ motion for summary judg *631 ment.[1] Defendants’ motion raised the issue of whether they were “employers” and therefore entitled to workers’ compensation immunity for plaintiff’s injuries which were sustained during his employment for L & M Contractors, Inc., a corporation of which defendants were corporate officers. The judgment under review was entered upon a finding by the trial court that there were no material factual issues remaining to be considered by a jury and that defendants were entitled to workers’ compensation immunity on the undisputed facts, as a matter of law.
The Florida Supreme Court has recently addressed the issue of whether co-employees who injure a co-worker through their grossly negligent behavior may be held personally liable. In Streeter v. Sullivan, 509 So.2d 268, 271 (Fla.1987), the court found that the Workers’ Compensation Law
unambiguously impose[s] liability on all employees for their gross negligence which results in death or injury to their fellow employees. This imposition of liability is blind to corporate status. Nowhere does section 440.11(1) [2] impose upon injured employees a requirement to show that the fellow employee has committed some affirmative act going beyond the scope of the employer’s nondel-egable duty to provide a safe place to work.
Sub judice, the trial court did not have the benefit of Streeter when it reached its conclusion that defendants enjoyed immunity under the Workers’ Compensation Law as “employers” of plaintiff. It follows from Streeter that defendants would not be immune from statutory liability as “employers” of plaintiff. Therefore we reverse the appealed from judgment finding defendants not liable. We remand the cause to the trial court for further proceedings which are now required to resolve the issue of whether defendants’ complained of actions constituted that degree of negligence for which defendants may be held liable to plaintiff as co-employees, pursuant to section 440.11(1).
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death.... (emphasis supplied).
Reversed and remanded for further proceedings.

. A summary judgment adverse to plaintiff had previously been entered on plaintiffs complaint against defendant Ceramo, Inc., the lessor of the subject warehouse work premises, and was affirmed by this court on appeal. Laderman v. Ceramo, Inc., 450 So.2d 349 (Fla. 3d DCA 1984).

. Section 440.11(1), Florida Statutes, in its relevant enactments from 1979 to present, has provided in pertinent part as follows: