596 So.2d 510 (1992)
Barbara GOMEZ, etc., et al., Appellants,
v.
AVIS RENT A CAR SYSTEM, INC., et al., Appellees.
No. 91-1626.
District Court of Appeal of Florida, Third District.
March 31, 1992.
Rossman & Baumberger, Cooper & Wolfe and Marc Cooper, Miami, for appellants.
David R. Howland, Coral Gables, and Philip Glatzer, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Barbara and Jacqueline Gomez appeal from an order dismissing with prejudice two counts of their complaint. For the following reasons, we reverse.
Barbara and Jacqueline Gomez are the minor children of Caroline Gomez who was injured in an automobile accident by a van driven by Patricia Rubio and owned by Avis Rent-A-Car and P.V. Holding. The injured mother sued all three parties, alleging that the driver was negligent and that the owners were vicariously liable under the dangerous instrumentality doctrine. The complaint included two counts that sought derivative damages for the minor children, based on section 768.0415, Florida Statutes (1989). Section 768.0415 provides that
A person who, through negligence, causes significant permanent injury to the natural or adoptive parent of an unmarried dependent resulting in permanent total disability shall be liable to the dependent for damages, including damages *511 for permanent loss of services, comfort, companionship, and society.
The defendants moved to dismiss the children's claims on the ground that Florida common law does not recognize derivative claims by children of injured, living parents. The trial court denied the motion to dismiss as to the driver but granted the motion as to Avis and P.V. Holding.
The trial court erred when it dismissed the children's claims and limited the statute's application to the active tortfeasor. The dangerous instrumentality doctrine imposes all liability for the operation of a vehicle on the owner of that vehicle.
The principles of the common law do not permit the owner of an instrumentality that is ... peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle ... properly operated when it is by his authority on the public highway.
Susco Car Rental Sys. of Fla. v. Leonard, 112 So.2d 832, 836 (Fla. 1959) (citations omitted). The dangerous instrumentality doctrine is premised upon the theory that the owner of the vehicle who "originates the danger by entrusting the automobile to another" is best placed to ensure that there will be "adequate resources with which to pay the damages caused by its negligent operation." Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363, 1365 (Fla. 1990).
By dismissing the children's claims against the car's owners, the trial court in effect abrogated the dangerous instrumentality doctrine and allowed the owners to escape liability for a portion of the damages caused by the driver to whom they had entrusted the car. "The general rule is that statutes are to be construed with reference to appropriate principles of the common law, and when possible, they should be so construed as to make them harmonize with existing law and not conflict with long settled principles." Vanner v. Goldshein, 216 So.2d 759, 760 (Fla. 3d DCA 1968).
Accordingly, we hold that section 768.0415 provides the minor children with a cause of action for derivative damages against both the driver, who is alleged to be the active tortfeasor, and the owners, whose potential liability arises under the dangerous instrumentality doctrine.
Reversed and remanded for further proceedings consistent with this opinion.