613 So.2d 105 (1993)
SUN CHEVROLET, INC., Appellant,
v.
Manuel CRESPO, etc., Appellee.
No. 92-997.
District Court of Appeal of Florida, Third District.
January 26, 1993.
*106 Rumberger, Kirk & Caldwell, John Bond Atkinson and Jodi R. Young, Miami, for appellant.
Carlos Lidsky, Hialeah, and Charles L. Vaccaro, Miami, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.
NESBITT, Judge.
The defendant, Sun Chevrolet, Inc., appeals the trial court's order granting a final summary judgment in favor of the plaintiff, Manuel Crespo, the personal representative of the estate of Edgard Jose Castillo, deceased. For the following reasons we reverse.
On June 10, 1990, Edgard Jose Castillo was killed on State Road 836 in Dade County in a motor vehicle accident with a 1990 Camaro, owned by Sun Chevrolet and driven by Humberto Rodriguez. In a prior criminal action the State charged Rodriguez with vehicular homicide, § 782.071, Fla. Stat. (1989), to which he ultimately plead guilty. Thereafter, Castillo's personal representative filed the instant civil suit against Rodriguez, alleging negligent operation of a motor vehicle, and against Sun Chevrolet, alleging that Rodriguez negligently operated a motor vehicle, a dangerous instrumentality, with Sun Chevrolet's consent, resulting in Castillo's death. The personal representative then filed for summary judgment against both Rodriguez and the car dealer arguing that Rodriguez was estopped from denying the essential allegations of the offense of vehicular manslaughter in the civil action based on Florida's restitution statute, § 775.089(8), Fla. Stat. (1989), and that Sun Chevrolet was vicariously liable for Rodriguez's actions, pursuant to the dangerous instrumentality doctrine.
Sun Chevrolet responded to the motion for summary judgment by arguing that Rodriguez had testified in a deposition that a sudden unexplained movement of his vehicle for which he was not responsible caused the accident, and that this testimony created a genuine issue of material fact precluding the entry of a final summary judgment against it. After a hearing, the trial court ruled that section 775.089(8) applied to Rodriguez, precluding Rodriguez from disputing liability for the subject accident, but reserved ruling on the vicarious liability of Sun Chevrolet. After additional memoranda were filed on that issue, the representative again moved for summary judgment, arguing that Sun Chevrolet was *107 vicariously liable for the negligent acts of Rodriguez under the dangerous instrumentality doctrine, and that section 775.089(8) prohibited Sun Chevrolet from refuting liability. The trial court entered a final summary judgment in the representative's favor as to both defendants.
First, the personal representative argues that the dangerous instrumentality doctrine supports the entry of a summary judgment against Sun Chevrolet. We disagree. While the doctrine is certainly applicable, it is not dispositive of the point on appeal. The doctrine holds that the owner of a dangerous instrumentality, for example an automobile, who entrusts its use to another is liable for the negligence of the person to whom the instrumentality is entrusted. Susco Car Rental Sys. of Fla. v. Leonard, 112 So.2d 832, 836 (Fla. 1959); Gomez v. Avis Rent A Car Sys., Inc., 596 So.2d 510, 511 (Fla. 3d DCA 1992); see also 4 Fla.Jur.2d Automobiles and Other Vehicles § 227 (1978). Thus, the owner of an automobile who allows his vehicle to be driven on the open road is liable only if the driver is negligent. Caetano v. Bridges, 502 So.2d 51 (Fla. 1st DCA 1987) (owner of a vehicle not responsible if the operator is involved in intentional misconduct which is not foreseeable).
In the instant case, it is undisputed that Sun Chevrolet was the owner of the vehicle driven by Rodriguez when he was involved in the instant collision. It is also undisputed that Rodriguez was using the car with Sun Chevrolet's permission on the day the accident occurred. However, Rodriguez testified that a sudden unexplained movement of his vehicle for which he was not responsible caused the accident. Since a genuine issue of material fact exists as to whether the accident which caused the decedent's death was the result of Rodriguez's negligence, the trial court's order granting summary judgment based on the dangerous instrumentality doctrine must be reversed.
Neither may section 775.089(8) serve as a basis for the summary judgment. That section provides in pertinent part:
The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding.
This statute applies to a criminal defendant only, and estops him from denying the essential elements of his criminal offense in a later civil proceeding. Smith v. Bartlett, 570 So.2d 360 (Fla. 5th DCA 1990), review denied, 581 So.2d 1310 (Fla. 1991); Paterno v. Fernandez, 569 So.2d 1349 (Fla. 3d DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991). Because Rodriguez entered a plea of guilty in the criminal action against him, under section 775.089(8), he was estopped from denying the essential allegations of the offense of vehicular homicide in the instant civil proceeding.
However, Rodriguez's guilty plea in the criminal proceeding cannot be used to preclude Sun Chevrolet from using Rodriguez's deposition testimony  that the accident was caused by the vehicle's sudden unexplained movement for which he was not responsible  to defend itself in the instant civil action. The personal representative's argument that Rodriguez's guilty plea barred Sun Chevrolet's defenses is an attempt to exercise collateral estoppel offensively. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla. 1984); see also Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989) (an offensive use of collateral estoppel occurs when a plaintiff seeks to prevent a defendant from raising or contesting an identical issue previously decided against that defendant); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). However, the well established rule in Florida has been, and continues to be, that a prerequisite to the offensive use of collateral estoppel is that the identical issue has been litigated between the same parties. Trucking Employees, 450 So.2d at 845. Here, Sun Chevrolet did not enter the guilty plea in the criminal trial and was not a party to that trial. Sun Chevrolet has had no opportunity to fully and fairly litigate its vicarious liability for the actions *108 alleged in the instant case, and thus cannot be collaterally estopped from introducing evidence that Rodriguez was not negligent, a necessary element for recovery under the dangerous instrumentality doctrine. Since genuine issues of material fact exist as to this issue, summary judgment is precluded.
Accordingly, the summary judgment is reversed and the case remanded for further proceedings.