PER CURIAM.
While operating a press brake machine at Warren Manufacturing, Pedro Marquez severed his index finger.[1] The press brake involved lacked point-of-operation guards. Marquez filed an action against Winfield Kelly, the president of the company, alleging willful or wanton conduct or gross negligence. Marquez presented evidence that Kelly was responsible for the safety of the work area but failed to install safety devices despite his knowledge of prior press brake injuries to other employees. He presented expert testimony that the regular use of a brake press without a guard created a clear *86 and present danger to the operator. The court granted summary judgment for the defendant. We reverse.
A summary judgment cannot stand where genuine issues, of material fact exist. Sun Chevrolet v. Crespo, 613 So.2d 105 (Fla. 3d DCA 1993). In this case the evidence is conflicting with regal'd to whether Kelly knew about the safety problems and whether his conduct amounted to gross negligence or willful and wanton disregard for Marquez’s safety. Summary judgment is therefore precluded. See, e.g., Madaffer v. Managed Logistics Sys. Inc., 601 So.2d 1328 (Fla. 2d DCA 1992); Courtney v. Florida Transformer, Inc., 549 So.2d 1061, 1065 (Fla. 1st DCA 1989) (“[Wjhere the line separating simple and gross negligence is doubtful or indistinct, the question of whether the negligence is ordinary or gross is one which should be submitted to the jury.”); Laderman v. Mester, 510 So.2d 630 (Fla. 3d DCA 1987).
Reversed and remanded.

. The incident occurred Oct. 13, 1986.