# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1117
Lower Tribunal No. 23-24149-CA-01
_____

**Liudmila Golubtsova,**
Appellant,

vs.

**Vladimir Budaev, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Gregory Bryl, for appellant.

Andre G. Raikhelson (Boca Raton), for appellees.

Before FERNANDEZ, LINDSEY and GORDO, JJ.

GORDO J.

Liudmila Golubtsova ("Golubtsova") appeals the trial court's entry of final summary judgment in favor of Vladamir Budaev ("Budaev") and Budaevs Holdings LLC (collectively, "Appellees"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand.

## I.

On June 8, 2013, Golubtsova and Budaev married. Shortly thereafter, they purchased a condominium located in Bal Harbour, Florida. On February 11, 2020, Golubtsova and Budaev divorced. Approximately a year later, Golubtsova filed in Moscow, Russia, a petition for division of marital property rights based upon the divorce decree.

On September 8, 2022, NotaryCam, a remote notarization company, executed and notarized a quitclaim deed transferring the condominium from Golubtsova and Budaev to Budaevs Holdings LLC. On October 4, 2023, Golubtsova filed a complaint against Appellees alleging the quitclaim deed was fraudulently executed without her authorization, consent or knowledge. Appellees filed their answer followed by a motion for final summary judgment.

On February 2, 2024, Golubtsova filed a response in opposition and a cross-motion for summary judgment. In support of both filings, she filed an affidavit. The supporting affidavit stated, in part:

2

11.    Then, on or about September 8, 2022, Budaev conveyed title to the Property by Quit-Claim Deed to Defendant Budaevs Holdings, LLC ("Budaevs Holdings") for the consideration of $10.00 without my authorization, consent or knowledge. . . .

13.    In or about June, 2023 the affiant become [sic] aware of the Quit-Claim Deed with my purported electronic signature, which was apparently verified by online notarization in James City, Virginia, and, as a result, I filed the instant action seeking, inter alia, to recover my ownership interest in the Property and quiet title to the Property. . . .

15.    I have reviewed the video recording from NotaryCam for the online notarization of the Quit-Claim Deed in question and the person shown in the video seated next to Budaev, who claims to be Liudmila Golubtsova when executing the deed, is NOT me.

Golubtsova then asserted the quitclaim deed was fraudulently executed.

On March 25, 2024, the trial court held a hearing on Appellees' motion for summary judgment. In the following weeks, in further support of her case, Golubtsova filed additional evidence for consideration to include documents produced from NotaryCam.[1]

---

[1]  On April 5, 2024, NotaryCam produced records only after receiving a motion to compel. It did not comply with a December 2023 subpoena for records. Among the provided documents was a notary journal with the ID verification/credential analysis results from the quitclaim notarization appointment. It shows that prior to verification, Golubtsova's passport credential analysis failed eight times.

3

On June 4, 2024, the trial court entered an order granting the Appellees' motion for summary judgment. The court found Golubtsova "failed to produce any evidence showing that the signature is not valid outside a conclusory affidavit." It also found "Plaintiff did not carry her burden and did not present competent substantial evidence."

Golubtsova subsequently filed a motion for rehearing and relief from summary judgment. She requested, among other things, consideration of the NotaryCam records and provided a brief explanation why they were not available prior to the summary judgment hearing. The trial court denied the motion. This appeal followed.

## II.

"Our standard of review of an order granting summary judgment is *de novo.*" Ottey v. Citizens Prop. Ins. Corp., 299 So. 3d 500, 501 (Fla. 3d DCA 2020) (quoting White v. Ferco Motors Corp., 260 So. 3d 388, 390 (Fla. 3d DCA 2018)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Betancourt v. Citizens Prop. Ins. Corp., 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025) (quoting Fla. R. Civ. P. 1.510(a)). "The court shall state on the record the reasons for granting or denying the motion." Id. "A party asserting that a fact cannot be or is

4

genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations." Id. (quoting Fla. R. Civ. P. 1.510(c)(1)(A)). "When seeking summary judgment, the moving party must identify 'each claim or defense-or the part of each claim or defense-on which summary judgment is sought.'" Romero v. Midland Funding, LLC, 358 So. 3d 806, 808 (Fla. 3d DCA 2023) (quoting Fla. R. Civ. P. 1.510(a)). "Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists." Id.

**III.**

On appeal, Golubtsova argues the trial court erred in granting summary judgment in favor of Appellees because her affidavit was not conclusory in nature, but contained factual statements based on personal knowledge, creating a genuine issue of material fact. We agree.

In her affidavit, Golubtsova unequivocally denies being present and executing the quitclaim deed on September 8, 2022. Her denial is based upon her review of the video recording of the notarization session. Because Golubtsova's affidavit creates a genuine issue of material fact as to whether the signature on the quitclaim deed is hers, the trial court erred in granting

5

summary judgment.[2]  See Carter v. Cont'l Cas. Co., 978 So. 2d 247, 248 (Fla. 5th DCA 2008) ("At the time of the summary judgment hearing, Carter's deposition had been taken and filed with the court.  In the deposition, Carter denied signing both indemnity agreements and claimed that although the signature on the funds receipt and disbursement agreement appeared to be his, he did not sign it and had never before seen it.  Because Carter's deposition testimony creates a genuine issue of material fact as to whether the signatures on the relevant documents were his or not, the trial court erred in entering summary judgment in Continental's favor."); cf. Benner v. Royce, 354 So. 2d 142, 143 (Fla. 1st DCA 1978) ("In support of summary judgment appellees filed an affidavit unequivocally stating that they did not execute the deed under which the defendants claimed title and that it is a forgery.  No counter affidavit was filed.  We therefore find that the file, as it existed at the time the learned trial judge entered summary judgment here appealed, did not reflect genuine issue as to any material fact and that the trial judge therefore did not err in entering summary judgment."); see also Marquez v. Heim Corp., 632 So. 2d 85, 86 (Fla. 3d DCA 1993) ("A summary judgment

---

[2]  Because we find the trial court erred in granting Appellees summary judgment, we do not reach Golubtsova's second issue on appeal regarding the trial court's failure to consider the NotaryCam records upon her motion for rehearing.

cannot stand where genuine issues of material fact exist." (citing <u>Sun Chevrolet v. Crespo</u>, 613 So. 2d 105 (Fla. 3d DCA 1993))); <u>Citizens Prop. Ins. Corp. v. Ifergane</u>, 114 So. 3d 190, 197 (Fla. 3d DCA 2012) (same); <u>Hollinger v. Hollinger</u>, 292 So. 3d 537, 541 (Fla. 5th DCA 2020) (same).

Accordingly, we reverse the final summary judgment under review and remand for further proceedings.

Reversed and remanded.