THOMPSON, Judge.
Regency Towers Owner’s Association, Inc. (Regency Towers) appeals an order of The Florida Commission on Human Relations (the Commission) awarding Pettigrew back pay and an attorney’s fee. Pettigrew cross-appeals the amount of the award. We reverse the award to Pettigrew.
Pettigrew was employed by Regency Towers as manager of its condominium apartment building from March 1977 until September 1978. Pettigrew was fired from this position under circumstances which suggested that she was discharged on account of her sex, contrary to the provisions of the Human Rights Act of 1977, §§ 23.161 — 167, Fla.Stat. (the Act). Petti-grew thereafter filed a complaint with the Commission, charging sex discrimination. Regency Towers then moved to dismiss the complaint for lack of jurisdiction, arguing that it is not an “employer” within the meaning of § 23.162(6), Fla.Stat. “Employer” is defined by § 23.162(6) as:
any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person, (emphasis added).
In his order denying Regency Towers’ motion to dismiss, the hearing officer made the following findings of fact:
*267 [RESPONDENT’S LABOR FORCE DURING 1977]
3. As to the 1977, calendar year, no evidence was presented at hearing to establish that Respondent employed 15 or more employees (or agents) for each working day in each of 20 or more calendar weeks.
[RESPONDENT’S LABOR FORCE DURING 1978]
4. As to the number of persons employed by Respondent during 1978, Respondent employed, during a 25 week period, 15 or more employees — each employee performing actual labor for a period ranging from a portion of one working day to a maximum of 7 working days. (Stipulation of counsel)
5. During 21 weeks of 1978, designated below, Respondent employed 15 or more persons who performed labor services for Respondent either (1) during five days of the designated seven-day work week, or (2) during the weeks immediately preceding and following the designated seven-day work week.... When the total number of days worked by Respondent’s employees during these weeks is divided by the total number of employees working, the average number of days worked by the employees during each working week is calculated to be between 4 and 6 days....
6. During 1978, approximately 16 employees performed labor services for Respondent during periods extending from 18 to 46 weeks....
7. Respondent did not employ 15 or more persons who actually performed labor services for it during each working day in each of 20 or more calendar weeks during 1978....
(Supp. Record, exh. C-2, 3). Neither party disputes the accuracy of these findings of fact.
The hearing officer relied primarily on Pascutol v. Washburn-McReavy Mortuary, 11 Fair Empl.Prac.Cas. (BNA) 1325, (D.Minn.1975), which held a company was an “employer” within the meaning of the Civil Rights Act of 1964, notwithstanding the fact that in no workweek during the pertinent time period did it have, on each working day of the week, an aggregate of 15 or more full and part-time employees on the job, and concluded that his finding of fact number seven was not determinative of the issue. He ruled that Regency Towers was an “employer” under the Act because it had 15 or more employees on its payroll during the pertinent period and because said employees worked an average of four to six days each workweek during the pertinent period. The hearing officer’s findings of fact on the jurisdictional issue and his conclusion that the Commission did have jurisdiction over Regency Towers were incorporated in his recommended order on the merits. His findings were in turn adopted in the final order of the Commission, which also concluded that it had jurisdiction over Regency Towers.
We disagree with the Commission’s finding of jurisdiction. Although we agree with the Commission’s conclusion that the Act is remedial legislation which should be liberally construed in order to effectuate its purpose “to secure for all individuals within the state freedom from discrimination because of ... sex ...” § 23.161(2), Fla. Stat., we also agree with Zimmerman v. North American Signal Company, 704 F.2d 347 (7th Cir.1983) which declined to follow Pascutoi and held that a court’s interpretation of a statutory term cannot contradict the statute’s definition. The Zimmerman court, in interpreting a definition of “employer” which is set out in the Federal Age Discrimination in Employment Act,[1] and which is essentially identical to the definition of “employer” at issue herein, noted:
The Age Discrimination in Employment Act is remedial in nature and should be given liberal interpretation in order to effectuate the purpose of the Act.... Such liberal construction should extend to the definition of employer.... Nevertheless, a court’s interpre *268 tation of the term “employer” cannot contradict the statutory definition.
As a general rule, a court should not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous.... This Act provides that an employer must have twenty or more employees for each working day of a week before that week can be counted toward the jurisdictional minimum, (emphasis in original)
704 F.2d at 353, 354. The Commission’s interpretation of the term “employer” renders meaningless the phrases “each working day” and “each of 20 or more calendar weeks” (emphasis added) which are contained in the Act’s definition of “employer.” Although the terms “working day” and “employees” may be subject to interpretation, the term “each” is not.
Our legislature could have chosen to define employer in some manner other than that set out at § 23.162(6), Fla.Stat. It did not, and neither the Commission nor this court is at liberty to selectively disregard portions of the definition the legislature chose to use. Accordingly, this case is reversed with instructions to the Commission to dismiss Pettigrew’s complaint for want of jurisdiction over Regency Towers. Our disposition of the jurisdictional issue renders Pettigrew’s cross-appeal moot.
REVERSED.
ERVIN, C.J., and WIGGINTON, J., concur.

. 29 U.S.C.A. §§ 621-634 (1975).