601 So.2d 1328 (1992)
Ronald Arnold MADAFFER, as personal representative of the estate of Ronald Alan Madaffer, deceased, Appellant,
v.
MANAGED LOGISTICS SYSTEMS, INC., a Florida Corporation, James Summers, Everett "Pete" Slack, Steven Hackney, Robert Kennedy, and Virgil A. Herek, Appellees.
No. 91-02619.
District Court of Appeal of Florida, Second District.
July 10, 1992.
Steven E. Cohen of Jacobson, Cohen & Cohen, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
Linda R. Spaulding of Conrad, Scherer & James, Fort Lauderdale, for appellees.
HALL, Judge.
The appellant, Ronald Arnold Madaffer, as personal representative of the estate of his deceased son, Ronald Alan Madaffer (Ronny), challenges the summary judgment *1329 entered in favor of the appellees, Managed Logistics Systems, Inc. (MLS) and several of its employees, in this action for wrongful death. We affirm the summary judgment with regard to MLS, Robert Kennedy, and Virgil Hereck, but reverse with regard to Everett Slack and Steven Hackney.
MLS had a contract with Collier County to maintain and operate certain of the county's vehicles. Ronny was employed by MLS as a parts employee and/or mechanic. He was killed on April 1, 1989, when, while in the course and scope of his employment with MLS, the fuel truck he was driving overturned and exploded. The fuel truck was equipped with tanks, hoses, and pumping equipment and was used to replenish gasoline, diesel fuel, and hydraulic liquids used by other vehicles in the county's fleet. Ronny was driving the truck down to the Everglades to refuel county trucks being used in the park to fight fires.
Madaffer filed an action for wrongful death against the appellees, alleging that Ronny's death was a direct and proximate result of the gross negligence of the individual appellees, for whom MLS was vicariously responsible, thereby removing the appellees' immunity from liability under the Workers' Compensation Act. § 440.11(1), Fla. Stat. (1989). Specifically, Madaffer alleged the individual appellees required or allowed Ronny, because he was a lower paid employee, to operate a fuel truck despite the fact that he did not have a chauffeur's license or any experience in driving such a truck. Madaffer also alleged that the individual appellees allowed the truck to be rigged and used in an unsafe manner.
The appellees filed a motion for summary judgment, asserting there was no genuine issue of material fact but that they were immune from suit by virtue of the Workers' Compensation Act. Specifically, they asserted MLS did not commit an intentional tort and the individual appellees' conduct did not constitute gross negligence or willful and wanton disregard for Ronny. § 440.11(1), Fla. Stat. (1989). The motion was granted, and Madaffer perfected this appeal.
A summary judgment cannot stand if the record reveals even the slightest doubt that a genuine issue of material fact exists. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). We find that such an issue of fact exists with regard to whether the conduct of Everett Slack and Steven Hackney, Ronny's manager and foreman, respectively, amounted to gross negligence or willful and wanton disregard for Ronny, thereby removing their immunity from suit afforded by the Workers' Compensation Act. § 440.11(1). Specifically, the evidence is conflicting with regard to whether Slack and Hackney knew about the safety problems with the truck, whether Ronny volunteered to drive the truck or expressed to Slack his inability to do so, whether Ronny had the experience and ability to drive a fuel truck, and whether Slack and Hackney had knowledge of Ronny's experience and ability or lack thereof.
In concluding, we note a possible issue the parties did not address. In 1988 the legislature amended section 440.11(1) as follows with regard to the immunity from suit for employees in managerial or policy-making positions:
The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking [sic] capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking [sic] duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days [sic] imprisonment as set forth in s. 775.082.
§ 440.11(1), Fla. Stat. (Supp. 1988). Whether Slack and Hackney were in managerial or policy-making positions, thereby subject to this provision, are factual questions which we suggest the parties address in any further pleadings filed in this case.
We reverse the summary judgment with regard to Everett Slack and Steven Hackney *1330 and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.