624 So.2d 383 (1993)
Tammy BARBERIO-POWELL, Appellant,
v.
BERNSTEIN LEIBSTONE ASSOCIATES, INC., Roy Powell, and Barberio-Powell, Inc., Appellees.
No. 93-0387.
District Court of Appeal of Florida, Fourth District.
September 22, 1993.
Rehearing Denied October 22, 1993.
*384 Nicolas A. Manzini and Walter E. Stevens, Manzini & Associates, P.A., Miami, for appellant.
Kenneth S. Sandler, Kenneth S. Sandler, P.A., and Robert C. Stone, Robert C. Stone, P.A., Hollywood, for appellee Bernstein Leibstone Associates, Inc.
PER CURIAM.
We reverse an order granting a temporary injunction prohibiting Appellant, a former employee, from doing business with Appellee's customers. Appellee has failed to demonstrate the necessary irreparable harm. See Mittenzwei v. Industrial Waste Service, Inc., 618 So.2d 328 (Fla. 3d DCA 1993); Templeton v. Creative Loafing Tampa, Inc., 552 So.2d 288 (Fla. 2d DCA 1989); Renpak, Inc. v. Oppenheimer, 104 So.2d 642 (Fla. 2d DCA 1958). Both parties sell plastic and vinyl bags to bedding manufacturers. The injunction was limited to the customers with whom Appellee did business within the last six months of Appellant's employment.
Appellee asserts that the trial court had discretion to enter an injunction based on evidence that Appellant initiated the competing business and contacted potential customers while still employed by Appellee, conduct constituting a breach of her duty of loyalty. See Ins. Field Services, Inc. v. White & White Inspection and Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1980).
We note that there is no evidence that Appellant induced customers to break contracts with Appellee; there is no covenant not to compete or other employment contract term involved; there is no special financial or trust relationship between the parties; and the injunction was not entered to preserve the status quo.
We recognize that a threatened misappropriation of trade secrets may be enjoined. E.g. § 688.003, Fla. Stat. (1991). However, none of Appellee's initial allegations in the pleadings concerning the use of trade secrets remained pending at the time the court issued the injunction, although there was evidence that a customer list had been available for Appellant's inspection, as she had knowledge of the computer password in her capacity as secretary to a vice president, her husband.[1] We also note that there was no proof of any apparent, unique, or special relationship between Appellee and its customers on the list.
We have considered Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982) (en banc) and deem it inapposite. In that case there was evidence of violating a true trade secret; a list compiled at great expense and effort not otherwise available to the business community at large. In this case, the customers were bedding manufacturers, information easily obtained in the trade and from published sources.
In reversing, and remanding for further proceedings, we express no judgment with respect to Appellee's damage claims. See Ins. Field Services, Inc.; Fish v. Adams, 401 So.2d 843 (Fla. 5th DCA 1981).
DELL, C.J., and STONE, J., concur.
WALDEN, JAMES H., Senior Judge, dissents without opinion.
NOTES
[1] Her husband's former relationship with the company is not a factor in this appeal.