PER CURIAM.
Appellants, Joseph Hawkins (Hawkins), Marlene Hawkins and their five children, appeal a final - order dismissing their second amended complaint with prejudice, and denying leave to amend. We reverse.
Hawkins was employed as a painter by W.J. Miranda Construction Company, and was instructed by his supervisor, appellee Maurice Cordy, to paint a warehouse. Hawkins was climbing down a scaffolding that Cordy had provided when the scaffolding *1116 suddenly collapsed, causing Hawkins to fall to the ground. Hawkins was permanently paralyzed, and sued Cordy for gross negligence. The complaint alleged that Hawkins and other employees had repeatedly told Cordy that the scaffolding was defective, that Cordy had promised to repair it, and that Hawkins reasonably believed that he had done so. The complaint further alleged that, in requiring the use of the unrepaired scaffolding, Cordy consciously subjected Hawkins to equipment substantially certain to cause injury.
The trial court dismissed the complaint with prejudice, on the ground that workers’ compensation was Hawkins’ exclusive remedy. Appellants then sought leave to file a third amended complaint, alleging that Cordy was not acting within a managerial or policy-making capacity within the meaning of section 440.11(1), Florida Statutes (1993), and thus was not immune from tort liability. The trial court denied the motion.
Section 440.11(1), as amended in 1988, extends the employer’s immunity from liability for gross negligence to employees who act in a managerial or policymaking capacity:
The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties....
§ 440.11(1), Florida Statutes (1993).
Cordy contends that this provision should be interpreted as providing immunity to any supervisor, regardless of whether the supervisor is acting in a managerial or policymak-ing capacity and regardless of whether the conduct which caused the injury arose within the scope of the supervisor’s managerial or policymaking duties. We disagree.
In upholding the constitutionality of the 1988 amendment, the Florida Supreme Court in Eller v. Shova, 630 So.2d 537 (Fla.1993), construed the amendment as providing heightened immunity to “those employees [who] are engaged in managerial or policy-making decisions.” Id. at 541 (emphasis added). The court relied upon the Final Staff Analysis issued by the Commerce Committee of the Florida House of Representatives, which stated that “[mjanagement personnel will no longer incur costs associated with tort suits for certain acts which they commit in their managerial capacity.” Staff of Fla.H.R. Commerce Comm., CS/HB 1288 (1988) Staff Analysis (final May 31, 1988) (emphasis added).
The underlined portions of Eller and the staff analysis make clear that the phrase “who in the course' and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties” refers to the entire list of enumerated employees.
Consequently, the statute does not exempt a corporate officer or a supervisor for acts which they do not commit in their managerial or policymaking capacity and for injuries which have not derived from the performance of those duties. The question in every ease, therefore, is whether the employee is performing a prescriptive, policy-making function or an operational, implementing function. When the employee stands in the employer’s shoes, i.e., acts in a managerial or policymaking capacity, that employee receives the same immunity granted to an employer.
Likewise, in Madaffer v. Managed Logistics Systems, Inc., 601 So.2d 1328 (Fla. 2d DCA 1992), the court construed section 440.11 as requiring a factual inquiry in a suit for gross negligence regarding whether the manager and foreman held “managerial or policy-making positions”. Id. at 1329. Thus, reference to the status of the two employees, as manager and foreman, was insufficient to confer immunity, without a recitation of facts as to the scope of their duties.
Although the second amended complaint alleges that Cordy was Hawkins’ painting supervisor, it does not allege that Cordy had any “managerial or policymaking duties,” or that Cordy furnished the scaffolding with *1117 in any “managerial or policymaking capacity.” Accordingly, it was error for the trial court to dismiss the complaint, and the case must be reversed and remanded for further proceedings. At the least, the trial court should have permitted appellants to file their third amended complaint, which specifically alleged that Cordy was not in a managerial or policymaking position within the meaning of section 440.11(1), Florida Statutes (1993). See Fla.R.Civ.P. 1.190(e); Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235 (Fla. 3d DCA 1992); Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978).
Reversed and remanded.