THOMAS, J.
 

 In this case of first impression, we are called upon to determine whether, pursuant to section 760.02(1l)(d), Florida Statutes, the presence of a cafeteria on the premises of Appellee (Hospital) transformed the Hospital into a “public accommodation” for purposes of the Florida Civil Rights Act of 1992 (the Act). For the reasons explained below, we remand and reverse this matter to the Florida Human Relations Commission (Commission) to make certain factual and legal determinations on this question and, if the Commission’s investigation leads it to find that the Hospital is a public accommodation, to determine whether the Hospital’s alleged denial of sign-language services to assist Appellant constituted discrimination as defined by the Act.
 

 Factual Background
 

 Appellant filed a public accommodations complaint of discrimination with the Commission alleging that while a patient at the Hospital, her request for a sign language interpreter was refused. The Complaint alleged discrimination pursuant to Chapters 509 and 760, Florida Statutes,
 
 [1]
 
 “and/or Title VII of the Federal Civil Rights Act of 1964, and/or the Americans with Disabilities Act” (ADA). In the standard complaint form provided by the Commission, Appellant identified the Hospital as the entity she contended discriminated against her. Where it asked whether the entity was a “Restaurant, Club, [or] Lodging,” Appellant listed the entity as a restaurant.
 

 In response, the Commission dismissed the complaint on various grounds, including its lack of authority to accept and investigate complaints brought under Title III of the ADA (the public accommodations provision) and because hospitals are not public accommodations for purposes of the Act. The Commission found that, although hospitals offer medical services to the public and provide meals for its patients, staff, and visitors, they are “not ‘principally engaged in food for consumption on the premises’ ” and that hospital cafeterias are not a destination dining establishment; rather, such cafeterias are a business necessity, and this “does not transform the hospital into a place of public accommodation.”
 

 Analysis
 

 Section 760.01(2), Florida Statutes, explains that the “general purposes” of the Act are to
 

 secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.
 

 The Act includes protections from discrimination in “public accommodations,” as described in section 760.08, Florida Statutes:
 

 All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this chapter, without discrimination or segregation on the ground of race, color, na
 
 *761
 
 tional origin, sex, handicap, familial status, or religion.
 

 Section 760.02(11) defines “public accommodations” as “places of public accommodation, lodgings, facilities principally engaged in selling food for consumption on the premises, gasoline stations, places of exhibition or entertainment, and other covered establishments.” Appellant concedes that hospitals are not included in the statutory definition of public accommodations. Appellant contends, however, that pursuant to section 760.02(ll)(d), where a hospital has a cafeteria on its premises, the hospital derivatively becomes a public accommodation. Section 760.02(11) defines as a public accommodation:
 

 (d) Any establishment which is physically located within the premises of any establishment otherwise covered by this subsection, or within the premises of which is physically located any such covered establishment, and which holds itself out as serving patrons of such covered establishment.
 

 Thus, an establishment may be transformed into a public accommodation for the Act’s purposes if: 1) it is an establishment located on the premises of an otherwise covered establishment; or 2) a covered establishment is on the premises of an otherwise uncovered establishment, so long as the latter establishment holds itself out as serving patrons of the covered establishment. Appellant relies on the second of these, contending the cafeteria, which does fall within the ambit of the Act’s definition of public accommodation, transformed the Hospital into a public accommodation.
 

 We think whether an otherwise uncovered establishment “holds itself out as serving patrons” of a covered establishment is a question of fact.
 
 See, e.g., Regency Towers Owners Ass’n, Inc. v. Pettigrew,
 
 436 So.2d 266, 267 (Fla. 1st DCA 1983) (discussing hearing officer’s findings of fact as to the number of “employees” as defined by the previous version of the Act were employed by appellant). The Commission reached a summary conclusion that “[a] hospital offers its medical services to the public and provides meals for its patients, staff and visitors; however, the facility is not ‘principally engaged in selling food for consumption on the premises.’ ” Based on this conclusion, the Commission determined that hospital cafeterias are not “a destination dining establishment,” but a “business necessity, which does not transform the hospital into a place of public accommodation.” It is not clear how the Commission reached this result considering that it did not endeavor to conduct any fact finding and did not even solicit any input from the Hospital itself.
 

 In addition to being unsupported by any record evidence, the Commission’s finding does not address the critical question of whether the Hospital establishment “holds itself out as serving patrons” of the cafeteria located on its premises. Consequently, we must remand this case for the Commission to make the necessary fact findings. On remand, should the Commission determine that the Hospital is in fact a public accommodation, it must then determine whether Appellant has stated a claim cognizable under the Act and explain the grounds for its determination of that question. Only then will this matter be ready for appellate review.
 

 Conclusion
 

 Based on the foregoing, we REVERSE and REMAND for proceedings consistent with this opinion.
 

 BENTON, C.J., and DAVIS, J„ concur.
 

 [1]
 

 . Pursuant to section 760.01(1), Florida Statutes: "Sections 760.01-760.11 and 509.092 shall be cited as the ‘Florida Civil Rights Act of 1992.’ "