HAWKES, J.
 

 This is an appeal from an order of the Florida Commission on Human Relations regarding whether the presence of a restaurant and tiki hut transformed a marina into a “public accommodation” for the purposes of the Florida Civil Rights Act of 1992. Because further fact finding is needed to answer this question, we reverse.
 

 Appellant, who leased a boat slip from the Appellee, claims she was sexually harassed and discriminated against when she sought to extend her lease. Appellant filed a charge of discrimination with the Florida Commission on Human Relations (the Commission), claiming a violation of the Florida Civil Rights Act (the Act). Along with the charge, Appellant submitted material from the marina’s website indicating that either on its grounds or within close proximity were, among other things, a restaurant and a tiki hut. The Commission denied the charge, finding the marina was not a “public accommodation” under Section 760.02(11) Florida Statutes (2010) and, therefore, did not trigger any protection offered by the Act.
 

 Section 760.02(ll)(a, d), Florida Statutes, defines a “public accommodation” as:
 

 Any [ ] restaurant, hotel, or other establishment which provides lodging to transient guests, [ ] including any establishment which is physically located within the premises of any establishment otherwise covered by this subsection, or within the premises of which is physically located any such covered establishment, and which holds itself out as serving patrons of such covered establishment.
 

 Therefore, an establishment may be transformed into a “public accommodation” for the Act’s purposes if it has on its premises an entity otherwise covered by the Act, so long as the encompassing premises holds itself out as serving patrons of the covered entity.
 
 [1]
 

 A marina is not specifically listed as a place of “public accommodation” in the Act. However, the Act includes restaurants in the scope of “public accommodations.” The materials submitted with the charge indicate the marina offers the “amenities” of a restaurant and tiki hut, but there was no fact-finding as to whether these entities are located on the marina’s premises. Furthermore, the Commission did not address whether the marina holds itself out as serving patrons of the restaurant and tiki hut. If the restaurant and tiki hut are located on the marina’s property, and if the marina serves their patrons, the marina would qualify as a “public accommodation” under Section 760.02(ll)(a, d). Consequently, the case should be remanded to make these necessary fact findings.
 

 For the aforementioned reasons, the case is REVERSED and REMANDED. Although Appellant has raised other arguments seeking to qualify the marina as a “public accommodation,” we reject them.
 

 THOMAS and ROBERTS, JJ„ concur.
 

 [1]
 

 .
 
 See Mena v. Lifemark Hosps. of Fla.,
 
 50 So.3d 759, 761 (Fla. 1st DCA 2010).