CLARK, J.
The appellant, as the personal representative of the estate of Walter Villalta, challenges a summary final judgment entered in favor of the appellee Lesters Fuel Oil Services d/b/a Tropic Aire of North Florida, in the appellant’s civil action for damages upon the death of Mr. Villalta. In *279 the summary judgment the trial court ruled that the appellant’s evidentiary submissions did not meet the requisite standard for gross negligence, to avoid the statutory immunity from suit provided in the Workers’ Compensation Law at section 440.10, Florida Statutes. However, the allegations in the appellant’s civil complaint, along with the depositions and other supporting evidence, did present a prima facie case of gross negligence sufficient to create a jury question and preclude summary judgment. The appealed order is therefore reversed.
Mr. Villalta worked for L & W Drywall Services as a drywall finisher on a construction project where L & W was a drywall subcontractor, and Tropic Aire was an HVAC (heating, vacuum, air conditioning) subcontractor. While working for L & W, Mr. Villalta fell from a scaffold and sustained fatal injuries. The appellant filed a civil suit for damages naming several defendants, including Tropic Aire which then asserted its immunity from suit granted by section 440.10(1), Florida Statutes.[1] As specified in that statute, a subcontractor providing services on the same project as another subcontractor is given immunity from suit by an employee of the other subcontractor, as long as certain circumstances are satisfied including that the first subcontractor’s “own gross negligence was not the major contributing cause of the injury.” See § 440.10(l)(e)2., Fla. Stat.
The appellant alleged that Tropic Aire was grossly negligent in creating and then failing to cover a cut-out in the floor where Mr. Villalta was working, or to warn of the hazard created by the cut-out. The trial court nevertheless entered summary judgment for Tropic Aire, determining that the depositions and other supporting evidence could establish no more than ordinary negligence, and would not rise to the level of gross negligence. However, that ruling did not give proper effect to the evidence, which on motion for summary judgment must be viewed in the manner most favorable to the opposing party, without resolving factual conflicts in the evidence. See e.g. Laidlaw v. Krystal Co., 58 So.3d 1128 (Fla. 1st DCA 2011); Falco v. Copeland, 919 So.2d 650 (Fla. 1st DCA 2006).
Although there was conflicting evidence, when viewed most favorably for the appellant the evidentiary submissions indicate that when Mr. Villalta fell he was performing drywall work from a 16-foot high scaffold, in a room where Tropic Aire had made recessed cut-outs in the concrete floor to accommodate Tropic Aire’s HVAC work. There was also evidence that the cut-outs were uncovered, even though safety standards required that they have coverings fastened to the floor and painted to give warning of the danger. In addition, there was evidence that Tropic Aire was responsible for placing such coverings over the cut-outs; that the general contractor’s project superintendent contacted Tropic Aire about the cut-outs after the concrete slab was poured, and that Tropic Aire personnel had been in the room before Mr. Villalta was working there. Drywall workers who were in the room with Mr. Villalta stated that they were not given any instructions about the cut-outs and were not told the cut-outs should be covered. They indicated that a scaffold wheel went into one of the cut-outs, which apparently caused the scaffold to topple over, *280 resulting in Mr. Villalta’s fall. Other witnesses also confirmed that the cut-outs presented a considerable hazard. Tropic Aire’s project manager acknowledged that the cut-outs created a risk of serious injury or death for the workers in the room if the cut-outs were not properly covered.
As explained in Courtney v. Florida Transformer, Inc., 549 So.2d 1061 (Fla. 1st DCA 1989), the line between simple and gross negligence is often uncertain and indistinct, and in such circumstances the question of whether negligence is simple or gross should ordinarily be resolved by the jury. Furthermore, the standard for gross negligence has been described as encompassing a composite of circumstances which create a clear and present danger of serious harm, where the defendant was aware or charged with knowledge of such danger and acted in conscious disregard of that danger.[2] Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970). See also, e.g., Foreman v. Russo, 624 So.2d 383 (Fla. 4th DCA 1993); Courtney v. Florida Transformer, Inc., supra. The evidence submitted was sufficient to meet that standard. Summary judgment was thus improper because it should be entered only when there is no genuine issue, with even the slightest doubt, as to whether the conduct amounts to gross negligence. See e.g. Madaffer v. Managed Logistics Systems, Inc., 601 So.2d 1328 (Fla. 2d DCA 1992); see also Marquez v. Heim Corp., 632 So.2d 85 (Fla. 3d DCA 1993). Because Tropic Aire did not establish that there was no genuine dispute of material fact as to whether it acted with gross negligence, and the evidence submitted was sufficient to create a jury question, the trial court’s summary judgment was erroneous.
The appealed order is reversed, and the case is remanded.
WOLF and THOMAS, JJ., concur.

. Because Tropic Aire was not within the vertical chain of a contractor to subcontractor to sub-subcontractor relationship with L & W, as described in Villalta v. Cornn International, Inc., 110 So.3d 952 (Fla. 1st DCA 2013), immunity was properly claimed under section 440.10(1), rather than section 440.11(1), Florida Statutes. See e.g. Amorin v. Gordon, 996 So.2d 913 (Fla. 4th DCA 2008).

. The Florida Supreme Court has more concisely encapsulated this standard for gross negligence as "an act or omission that a reasonable, prudent person would know is likely to result in injury to another,” see Eller v. Shova, 630 So.2d 537, 541 n. 3 (Fla.1993), citing Glaab v. Caudill, supra. See also Travelers Indemnity Co. v. PCR Inc., 889 So.2d 779, 793 n. 17 (Fla.2004).