LaROSE, Judge.
Patrick Pyjek appeals a final summary judgment disposing of his gross negligence lawsuit against ValleyCrest Landscape Development, Inc. As a matter of law, the trial court found ValleyCrest immune from liability under the exclusivity provision of Florida’s workers’ compensation statute. See § 440.10(1)(e)(2), Fla. Stat. (2007).[1] We have jurisdiction. See Fla. RApp. P. 9.030(b)(1)(A). Our review is de novo. See Makryllos v. Citizens Prop. Ins. Corp., 103 So.3d 1032, 1033 (Fla. 2d DCA 2012) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. *477 2000)). We reverse because ValleyCrest has not established by this limited record that no issues of material fact remain.
Mr. Pyjek worked for a fencing company that was a subcontractor on a residential development project in Fort Myers. He and his crew installed aluminum fences throughout the project. ValleyCrest, another subcontractor on the project, also had a crew at the site planting palm trees. Mr. Pyjek was injured when a palm tree fell on him.
Mr. Pyjek alleged that Valley-Crest’s conduct in planting the palm trees amounted to gross negligence excepted from the workers’ compensation exclusivity provision. See § 440.10(1)(e)(2); see also § 440.11(1)(b)(2). To establish gross negligence, Mr. Pyjek must show (1) a composite of circumstances which, together, constitute a clear and present danger;
(2)an awareness of such danger by the subcontractor; and (3) a conscious voluntary act or omission by the subcontractor that is likely to result in injury. See Villalta v. Comm Int'l, Inc., 109 So.3d 278 (Fla. 1st DCA 2013) (citing Glaab v. Caudill, 236 So.2d 180, 185 (Fla. 2d DCA 1970)); cf. Merryman v. Mattheus, 529 So.2d 727, 729 (Fla. 2d DCA 1988) (explaining that mere knowledge of vulnerability of employee to the possibility of injury is insufficient to amount to gross negligence; there must be a likelihood of injury from employee’s vulnerability greater than mere danger, rising to a “clear and present danger”).
Recently, we reiterated our role in reviewing a final summary judgment:
A trial court may enter a summary judgment only when the record shows that no genuine issues of material fact remain and that the movant is entitled to judgment as a matter of law. Makryllos, 103 So.3d at 1033 (citations omitted). “If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979) (citing Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977)). The burden on these points rested with ... the movant. See Fla. R. Civ. P. 1.510; Pinehot v. First Fla. Banks, Inc., 666 So.2d 201, 201-02 (Fla. 2d DCA 1995) (citing Snyder).
Competelli v. City of Belleair Bluffs, 2013 WL 1352480, 38 Fla. L. Weekly D773, D773 (Fla. 2d DCA Apr.5, 2013). Our review, of course, is limited to the record before the trial court. See Easterling v. Keels, 681 So.2d 744, 744 (Fla. 2d DCA 1996); Welch v. Celotex Corp., 951 F.2d 1235, 1237 n. 3 (11th Cir.1992).
Oür record contains deposition transcripts, a few exhibits, and a landscape expert’s affidavit submitted by Mr. Pyjek. We have no photographs of the site. The record includes a cryptic drawing that indicates the palm trees’ general location and that of the fence line where work occurred. We have no transcript of the summary judgment hearing. From this limited record, we can see only a blurred picture of what happened.
We know that ValleyCrest planted numerous palm trees, including the one that injured Mr. Pyjek, a week or more before the accident. On the day of the accident, Mr. Pyjek and his crew were installing fencing near the palm trees. Typically, the crew dug holes for the fence posts that were then anchored with concrete as the crew progressed with the fence installation. Mr. Pyjek’s task was to cut aluminum. Approximately two hours before the accident that injured Mr. Pyjek, *478 a palm tree fell in the area where the fence crew was working. Although the tree was staked, some evidence indicates that persistent gusty winds toppled the tree.[2] We note that a single deponent testified that it was not windy on the fateful day. When the tree fell, it caused damage to installed fencing and equipment. ValleyCrest righted the tree and restaked it. The parties dispute the manner in which the tree was replanted. The fence crew resumed its work in the area, focused on repairing damage to the fencing. Shortly thereafter, a palm tree fell, this time injuring Mr. Pyjek. Mr. Pyjek claims it was the same tree; ValleyCrest disagrees.
Mr. Pyjek rests his gross negligence theory on ValleyCrest’s knowledge of the windy conditions and its failure to replant the palm tree with sufficient care. These were no mere shrubs. The palm trees were approximately eighteen to thirty feet tall. The facts conflict on whether Valley-Crest replanted the felled palm in a deeper hole. The facts are also in conflict as to whether ValleyCrest securely restaked the tree with sufficient supports to guard against the wind.
As is typical in Florida, the soil around the trees was loose and sandy. The facts are disputed as to whether the fencing crew might have loosened the soil when digging to install or repair fencing. The holes that the fencing crew dug for posts were about fifteen inches wide and two feet deep.
Mr. Pyjek’s landscaping expert opined as follows:
After the palms fell one time, they should have been checked for any problems with the stakes, the wood battens, the soil conditions, or other possible damages that could have occurred from them falling over. Since at least one palm (the palm that is stated to have caused the injuries) was placed back into the same location, or planting hole, the backfilling of the soil around it and the supports should have been more closely inspected and reset to better assure it would not fall again. The contractor was forewarned of the possibility of the palm falling over (because it fell once), and should have better supported it.
According to Mr. Pyjek’s testimony, Val-leyCrest undertook none of these precautions. As this recitation of the record facts demonstrates, the parties agree on little. What is clear is that several unresolved issues of material fact preclude summary judgment. As we previously stated,
[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and that the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Competelli, 38 Fla. L. Weekly at D773 (quoting Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (internal citations omitted)); see also Bruno v. Destiny Transp., Inc., 921 So.2d 836, 839-40 (Fla. 2d DCA 2006) (citing Moore); Villalta, 109 So.3d at 278 (holding summary judgment improperly *479 granted in gross negligence case where evidence was not properly viewed; evidence must be viewed in the manner most favorable to the opposing party, without resolving conflicts in the evidence). We must, therefore, reverse.
Reversed and remanded for further proceedings.
SILBERMAN, C.J., and ALTENBERND, J., Concur.

. § 440.10. Liability for Compensation
(l)(e) A subcontractor providing services in conjunction with a contractor on the same project or contract work is not liable for the payment of compensation to the employees of another subcontractor ... and is protected by the exclusiveness of liability provisions of s. 440.11 from any action at law ... on account of injury to an employee of another subcontractor, or of the contractor, provided that:
1. The subcontractor has secured workers’ compensation insurance for its employees ...; and
2. The subcontractor's own gross negligence was not the major contributing cause of the injury.

. Mr. Pyjek testified in his deposition that three or four other palms in the group of trees fell later on that same day.