NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ALBERT MARCHMAN,          )
                         )
          Appellant,      )
                         )
v.                     )     Case No. 2D13-3827
                         )
ST. ANTHONY'S HOSPITAL, INC.,   )
                         )
          Appellee.      )
                         )

Opinion filed December 12, 2014.

Appeal from the Commission on Human
Relations.

Matthew W. Dietz of Law Offices of
Matthew W. Dietz, P.L., Miami, for
Appellant.

Scott T. Silverman of Akerman, LLP,
Tampa, for Appellee.


CRENSHAW, Judge.

Albert Marchman is a deaf man who does not speak. He was admitted to St. Anthony's Hospital for heart problems but at no point was he provided a sign language interpreter. Subsequently, Marchman filed an action with the Florida Commission on Human Relations alleging discrimination based on physical disability in contravention of the Florida Civil Rights Act of 1992, §§ 760.01-.11; § 509.092, Fla.

Stat. (2012) (FCRA). Because we conclude that the Commission did not err in holding that it lacked jurisdiction over hospitals even if they had coffee shops, vending machines, and cafeterias within them, we affirm.

In this case, the action was abated as a similar case was then pending in the First District Court of Appeal. See Mena v. Lifemark Hosp. of Fla., Inc., 109 So. 3d 787 (Fla. 1st DCA 2013) (unpublished table decision) (Mena II). In Mena v. Lifemark Hospitals of Florida, Inc., 50 So. 3d 759 (Fla. 1st DCA 2010) (Mena I), Ms. Mena, also a deaf person to whom a sign language interpreter was not assigned, recognized that the hospital, as a *hospital*, was not regulated under FCRA. Instead she argued that because within the hospital there was an establishment covered by FCRA, namely the hospital cafeteria, the hospital was transformed into a covered establishment. Id. She relied on section 760.02(11), Florida Statutes,[1] which defines as a public accommodation "any establishment . . . within the premises of which is physically located any such covered establishment, and which holds itself out as serving patrons of such covered establishment." Id. at 761. The First District concluded that the Commission failed to make findings of fact as to whether the hospital held itself out as serving patrons of the cafeteria and remanded for the Commission to do so. Id. Ultimately, on remand, the Commission found that the hospital was not holding itself out as serving patrons of the cafeteria, thus leaving the hospital outside the ambit of FCRA. On subsequent appeal to the First District, the court affirmed without a written opinion. Mena II, 109 So. 3d 787.

---

[1]Mena did not refer to the statute year but the statute has not been amended since 2003.

FCRA is largely based on Title VII of the federal Civil Rights Act of 1964. Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891, 895 (Fla. 2002); cf. § 760.11 ("It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action."). We "recognize[] that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as in federal courts to the extent the construction is harmonious with the spirit of the Florida legislation." Winn-Dixie Stores, Inc. v. Reddick, 954 So. 2d 723, 728 (Fla. 1st DCA 2007) (quoting O'Loughlin v. Pinchback, 579 So. 2d 788, 791 (Fla. 1st DCA 1911)). However, the Florida Supreme Court has recently reaffirmed that

> [t]o discern legislative intent, a court must look first and foremost at the actual language used in the statute. Moreover, a statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts. When reconciling statutes that may appear to conflict, the rules of statutory construction provide that a specific statute will control over a general statute . . . .

Fla. Virtual Sch. v. K12, Inc., 148 So. 3d 97, 101-02 (Fla. 2014) (emphasis added) (citations omitted) (internal quotation marks omitted); see also Doe v. Dep't of Health, 948 So. 2d 803, 808 (Fla. 2d DCA 2006) ("Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." (citing Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992))).

Under FCRA:

> "Public accommodations" means places of public accommodation, lodgings, facilities principally engaged in selling food for consumption on the premises, . . . and other covered establishments. Each of the following

establishments which serves the public is a place of public accommodation within the meaning of this section:

. . . .

(b) Any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises. . . .

. . . .

(d) Any establishment which is physically located within the premises of any establishment otherwise covered by this subsection, or <u>within the premises of which is physically located any such covered establishment</u>, and which holds itself out as serving patrons of such covered establishment.

§ 760.02 (emphases added). Section 509.013 reads:

(5)(a) "Public food service establishment" means any building, vehicle, place, or structure, or any room or division in a building, vehicle, place, or structure where food is prepared, served, or sold for immediate consumption on or in the vicinity of the premises; called for or taken out by customers; or prepared prior to being delivered to another location for consumption.

<u>(b) The following are excluded from the definition in paragraph (a):</u>

. . . .

<u>4. Any eating place maintained by a facility certified or licensed and regulated by the Agency for Health Care Administration or the Department of Children and Family Services or other similar place that is regulated under s. 381.0072.</u>

(Emphasis added). Marchman argues that based on section 760.02, particularly as discussed by <u>Mena I</u>, we should hold that because St. Anthony's has an onsite cafeteria, coffee shop, and vending machines covered by FCRA, St. Anthony's itself is

governed by FCRA.[2]  But to read section 760.02 in the way that Marchman beseeches requires that we turn a blind eye to the text of section 509.013.  The latter section specifically excludes from its definition eating places maintained by facilities certified or licensed and regulated by the Agency for Health Care Administration (AHCA).  § 509.013(5)(b)(4).  And because the latter provision is more specific, to give it effect does not do harm to the remainder of the statute.  True, section 760.02 is written to cast a wide net, as is its federal counterpart.  But we must still give effect to the Legislature's other dictates.  Moreover, to the extent public policy is a factor, giving effect to the latter provision effectuates a policy of not having hospitals doubly regulated: first by AHCA and second by the Commission.  We note that our decision is in accord with the Third District's recent opinion on like facts and based on similar reasoning.  See Crane v. Lifemark Hosp. of Fla., Inc., 39 Fla. L. Weekly D2185, D2185 n.2 (Fla. 3d DCA Oct. 15, 2014).

Because the Commission correctly dismissed the action for lack of jurisdiction, we affirm.


ALTENBERND and NORTHCUTT, JJ., Concur.

---

[2]Like the Third District in Crane v. Lifemark Hospital of Florida, Inc., 39 Fla. L. Weekly D2185, D2185 n.2 (Fla. 3d DCA Oct. 15, 2014), we do not reach the issue of whether "a covered cafeteria within a hospital would cause the hospital to qualify as a 'covered establishment.' "