IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KIMBERLY M. RAMSEY AND
DELMAS RAMSEY, JR., AS
PERSONAL REPRESENTATIVES
OF THE ESTATE OF DELMAS RAMSEY, III,

      Appellants,

v.

      Case No. 5D17-311

DEWITT EXCAVATING, INC. AND
DAVID E. GUBBINS, SR.,

      Appellees.
_____/

Opinion filed June 15, 2018

Appeal from the Circuit Court
for Lake County,
Mark J. Hill, Judge.

Andrew B. Greenlee, of Andrew B.
Greenlee, P.A., Sanford and Michael B.
Scoma, of Scoma Law Firm, Clermont, for
Appellants.

Sharon C. Degnan and Sebastian C. Mejia,
of Kubicki Draper, Orlando, for Appellees.

PALMER, J.

      Kimberly and Delmas Ramsey, Jr., as personal representatives of the Estate of

Delmas Ramsey, III (their deceased son), appeal the final summary judgment entered by

the trial court, ruling that workers' compensation immunity barred their liability claims

against David Gubbins and DeWitt Excavating, Inc. (DeWitt). We affirm as to DeWitt, but reverse as to Gubbins.

The industrial accident resulting in Ramsey's death took place while Ramsey was working for DeWitt and with Gubbins, a fellow employee. The parents' complaint alleged that Gubbins and DeWitt were liable for operating a cement-mixing pug mill while Ramsey was still inside of the mixing box, causing his death. DeWitt and Gubbins filed a motion seeking the entry of summary judgment in their favor, arguing that the parents' wrongful death claims were barred by workers' compensation immunity. The court granted the motion, and this appeal followed.

The party moving for summary judgment

> bears the burden of establishing that, based on the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other material as would be admissible in evidence on file, there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Summary judgment evidence must be considered in the light most favorable to the non-moving party, and if the record raises the possibility of any genuine issue of material fact or even the slightest doubt that an issue might exist, summary judgment is improper.

Penton Bus. Media Holdings, LLC v. Orange County, 236 So. 3d 495, 497 (Fla. 5th DCA 2018) (citations omitted) (internal quotation marks omitted). A final order entering a summary judgment is reviewed de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

In R.L. Haines Construction, LLC v. Santamaria, we summarized the law relating to workers' compensation immunity, explaining that "employers in compliance with the Workers' Compensation Law are immune from their employees' common law negligence actions for damages arising from work-related injuries." 161 So. 3d 528, 530 (Fla. 5th

2

DCA 2014) (citing <u>Bakerman v. Bombay Co.</u>, 961 So. 2d 259, 262 (Fla. 2007)). However, section 440.11(1)(b) of the Florida Statutes (2013) creates an exception to workers' compensation immunity as to employers and employees acting in furtherance of the employer's business. The statute reads, in relevant part, as follows:

> **440.11 Exclusiveness of liability.—**
>
> (1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability . . . except as follows:
>
> . . . .
>
> (b) **When an employer commits an intentional tort that causes the injury or death of the employee**. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:
>
> . . . .
>
> 2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
>
> The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when the employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this statute. **Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or . . . with gross negligence when such acts result in injury or death** or such acts proximately cause such injury or death . . . .

§ 440.11(1)(b)2., Fla. Stat. (2013) (emphasis added).

Not finding these statutory exceptions applicable, the trial court ruled that the parents' wrongful death claims were barred by immunity. The parents contend that the trial court erred in so ruling, asserting first that the record contains genuine issues of material fact as to whether DeWitt (through Gubbins) committed an intentional tort causing Ramsey's death. We disagree.

Three elements must be proved to establish the intentional tort exception to worker's compensation immunity, and the failure to prove any one of the elements will prevent the exception from applying. Gorham v. Zachry Indus., 105 So. 3d 629, 633 (Fla. 4th DCA 2013). The elements are:

> 1) employer knowledge of a known danger . . . based upon prior similar accidents or explicit warnings specifically identifying the danger that was virtually certain to cause injury or death to the employee;
> 2) the employee was not aware of the danger . . . because it was not apparent; and
> 3) deliberate concealment or misrepresentation by the employer . . . preventing employee from exercising informed judgment as to whether to perform the work.

Id. Here, the trial court properly ruled that the record contains no evidence indicating that Ramsey was not aware of the danger involved in cleaning the pug mill, holding that "the record evidence establishes it would be impossible for [Ramsey] to be unaware of the risks of injury from the pug mill because such danger was readily apparent especially since he had worked in or around the machine many times in the past" and "there are some types of machines that are so obviously inherently dangerous that the danger would be obvious to anyone working in the vicinity [and] the pug mill is just such a machine." Accordingly, summary judgment was properly entered in favor of DeWitt. See Vallejos v.

Lan Cargo S.A., 116 So. 3d 545, 556 (Fla. 3d DCA 2013); List Indus. v. Dalien, 107 So. 3d 470, 474 (Fla. 4th DCA 2013).

The parents also assert that the trial court erred when it entered summary judgment in favor of Gubbins on their gross negligence claim, arguing that the record does not demonstrate that they cannot overcome his defense of workers' compensation immunity. We agree.

In order to establish that Gubbins acted with gross negligence when he turned on the pug mill while Ramsey was still inside, the parents were required to present evidence as to each of the following three elements:

> 1) circumstances constituting an imminent or clear and present danger amounting to a more than normal or usual peril [;]
> 2) knowledge or awareness of the imminent danger on the part of . . . [Gubbins;] and
> 3) an act or omission [on the part of Gubbins] that evinces a conscious disregard of the consequences.

Vallejos, 116 So. 3d at 552; accord Pyjek v. ValleyCrest Landscape Dev., Inc., 116 So. 3d 475, 477 (Fla. 2d DCA 2013). When viewed in the light most favorable to the parents, the evidence of record indicated that Gubbins directed Ramsey into the pug mill for cleaning and later activated the pug mill without utilizing any of the safety systems or the "thumbs up" signal system normally utilized by the pug mill workers or otherwise checking to see if Ramsey was still inside. If a jury so found, Gubbins could be determined to have been grossly negligent. See Boston ex rel. Estate of Jackson v. Publix Super Mkt., Inc., 112 So. 3d 654 (Fla. 4th DCA 2013). Accordingly, the trial court erred in entering summary judgment against the parents on their gross negligence claim.

AFFIRMED in part; REVERSED in part; REMANDED.

5

ORFINGER and LAMBERT, JJ., concur.