PER CURIAM.
Pamella MacGregor and David MacGregor (Appellants) appeal the final summary judgment entered by the trial court in favor of Daytona International Speedway, LLC (DIS) and International Speedway Corporation (ISC). Appellants raise two points on appeal, both of which have merit. First, they argue the trial court erred in determining that the release Pamella signed applied to gross negligence. Next, they contend a genuine issue of material fact exists as to whether DIS's and ISC's employee was grossly negligent and therefore, entry of summary judgment on this issue was error. We agree and reverse.
Pamella was injured when she was run over by a tow truck that was backing up in counter-race direction on Pit Row during a Sports Car Club of America (SCCA) race held on September 29, 2013, at the Daytona International Speedway. The tow truck driver was instructed to back up in that direction by an employee of DIS and ISC. In order to enter the non-spectator restricted area of the speedway during the race, pursuant to section 549.09(2), Florida Statutes (2013), Pamella was asked to and did sign a release and waiver of liability and assumption of risk agreement. The release stated in relevant part:
2. Hereby RELEASE, WAIVE, and DISCHARGE SCCA, the promoters, participants, racing associations, sanctioning organizations or any affiliate, subsidiary or subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any person in any RESTRICTED AREA, sponsors, advertisers, owners and lessees of premises used to conduct the EVENTS, premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENTS and for each of them, their directors, officers, agents, and employees, all for the purposes herein referred to as "RELEASEES," FROM ALL LIABILITY TO ME, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR[E] ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN THE DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENTS, WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE. In addition, I COVENANT NOT TO SUE any of the RELEASEES based upon any claim arising out of any of the EVENTS.
....
5. Hereby acknowledge that THE EVENTS ARE POTENTIALLY VERY
*153 DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I also expressly acknowledge that INJURIES MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.
6. Hereby agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the RELEASEES, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the EVENTS are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, not withstanding [sic], continue in full legal force and effect.
In determining that the signed release barred suit in this case, the trial court found that section 549.09 did not preclude the release from "negligence" claims from also applying to gross negligence claims and that a reply to DIS's and ISC's affirmative defense of release was necessary to raise section 549.09 as an issue in the case. We disagree. Although the language of the release states that it "extends to all acts of negligence," in the context of closed-course motorsport facilities, the Legislature has explicitly excluded gross negligence from the definition of negligence for injuries occurring in the nonspectator areas of the facility.[1] § 549.09(1)(e), Fla. Stat. (2013). The explicit exclusion of gross negligence from the definition of negligence in this context prevents the release in this case from barring the gross negligence claim.[2] See Hager v. Live Nation Motor Sports, Inc., 665 F.Supp.2d 1290, 1294 (S.D. Fla. 2009) ("When the legislature expressly permits certain conduct, and then specifically excludes certain conduct from the definition of what is permitted, the legislature intends to prohibit the excluded conduct."); Marchman v. St. Anthony's Hosp., Inc., 152 So.3d 830, 832-33 (Fla. 2d DCA 2014) (finding exclusion from definition in one statute was effective in limiting scope of another statute where definition was applicable).
We also conclude the trial court erred when it determined as a matter of law that DIS and ISC did not "engage[ ] in conduct that reaches the level of gross negligence." Where a genuine issue of material fact exists, the determination of whether conduct amounts to gross negligence is a jury question. See Hodges v. Helm, 222 So.2d 418, 420 (Fla. 1969) (citing Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941) ); Dep't of Agric. & Consumer Serv. v. Shuler Ltd. P'ship, 139 So.3d 914, 915 (Fla. 1st DCA 2014) (citing Courtney v. Fla. Transformer, Inc., 549 So.2d 1061 (Fla. 1st DCA 1989) ). Because there was evidence in the summary judgment record *154 supporting at least a prima facie case for gross negligence when construed in the light most favorable to Appellants, we reverse on this point as well. See Hodges, 222 So.2d at 419 ; Ramsey v. Dewitt Excavating, Inc., 248 So.3d 1270, 1273-74 (Fla. 5th DCA 2018) (citing Boston ex rel. Estate of Jackson v. Publix Super Mkts., Inc., 112 So.3d 654, 658-59 (Fla. 4th DCA 2013) ); Villalta v. Cornn Int'l, Inc., 109 So.3d 278, 280 (Fla. 1st DCA 2013) (citing Madaffer v. Managed Logistics Sys., Inc., 601 So.2d 1328 (Fla. 2d DCA 1992) ).
REVERSED AND REMANDED.
TORPY, BERGER and WALLIS, JJ., concur.

A reply to DIS's and ISC's affirmative defenses was not required to make the applicability of section 549.09 an issue in this case because no new facts were required. It is clear from the second amended complaint that the incident occurred in the nonspectator area of a closed-course motorsport facility. See § 549.09(1)(a), (2), Fla. Stat. (2013) ; U.S. Bank Nat'l Ass'n for Registered Holders of Citigroup Mortg. Loan Tr. 2007-AHL2, Asset-Backed Pass-Through Certificates, Series 2007-AHL2 v. Wilson, 252 So.3d 306, 308 (Fla. 5th DCA 2018) (citing Kitchen v. Kitchen, 404 So.2d 203, 205 (Fla. 2d DCA 1981) ).

DIS's and ISC's reliance on DeBoer v. Florida Offroaders Driver's Association, 622 So.2d 1134, 1136 (Fla. 5th DCA 1993) and Theis v. J & J Racing Promotions, 571 So.2d 92, 94 (Fla. 2d DCA 1990) is misplaced because the causes of action in those cases accrued before the October 1, 1991 effective date of section 549.09. Ch. 1991-104, § 2, Laws of Fla.