# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0149
Lower Tribunal No. 19-3215A
_____

**Alexander Martinez-Rivero,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellant, Alexander Martinez-Rivero, challenges his conviction for possession of an antishoplifting device countermeasure in violation of section 812.015(7), Florida Statutes. On appeal, Martinez-Rivero contends the lower court erred in failing to grant his motion for judgment of acquittal because the magnetic block and metal hook recovered during his arrest do not fall within the clear proscription of the statute. We discern no error and affirm.

## BACKGROUND

After exiting a retail establishment located within an enclosed shopping mall, Martinez-Rivero and his wife were detained upon suspicion of shoplifting. A search of the couple yielded numerous items of stolen merchandise devoid of security sensors, along with a metal hook, appended to a key ring, and a weighty magnetic device.

Martinez-Rivero was arrested and later charged by information with grand theft and possession of an antishoplifting device countermeasure. He entered a plea of not guilty and the case proceeded to trial before a jury.

At trial, Giovanni Irving, an asset protection officer, testified that, on the day of the incident, he was alerted to suspicious activity in an area of the store housing designer collections. There, he observed Martinez-Rivero enter a fitting room and heard a sound consistent with that emitted by the

removal of anti-theft security tag sensors. Upon Martinez-Rivero's departure from the room, Irving discovered several discarded sensors strewn about a seating unit and the floor.

Bianca McBean, a store employee, confirmed the clothing found in Martinez-Rivero's possession lacked sensors. She further testified the magnetic device recovered from Martinez-Rivero was effective at removing Hawkeye security ink tags, whereas the metal hook served to detach pin security sensors. A local law enforcement officer, Carmen Manning-Brown, corroborated this testimony, opining the metal hook was designed to remove sensors from clothing.

Following the close of the State's case in chief, Martinez-Rivero moved for a judgment of acquittal, asserting the devices were ordinary items, hence, excluded from the purview of the relevant statute. The trial court reserved ruling. Martinez-Rivero was convicted, as charged, and the court, ultimately, denied the motion. The instant appeal ensued.

**STANDARD OF REVIEW**

"A trial court's ruling on a motion for judgment of acquittal is reviewed de novo to determine whether the evidence is legally sufficient to support the jury's verdict." State v. Burrows, 940 So. 2d 1259, 1261 (Fla. 1st DCA 2006) (citation omitted). In conducting this review, the district court is charged with

3

determining "whether the jury may reasonably conclude that the evidence fails to exclude every reasonable hypothesis but that of guilt." Corpuz v. State, 733 So. 2d 1048, 1049 (Fla. 4th DCA 1999) (citation omitted). "If the State has presented competent evidence to establish every element of the crime, then a judgment of acquittal is improper." State v. Williams, 742 So. 2d 509, 511 (Fla. 1st DCA 1999) (citation omitted).

**ANALYSIS**

Section 812.015(7), Florida Statutes, provides, "[i]t is unlawful to possess, or use or attempt to use, any antishoplifting or inventory control device countermeasure within any premises used for the retail purchase or sale of any merchandise." Possession of such a device is a third-degree felony. § 812.015(7), Fla. Stat.

Under the statutory scheme, an "[a]ntishoplifting or inventory control device" is described as "a mechanism or other device designed and operated for the purpose of detecting the removal from a mercantile establishment or similar enclosure, or from a protected area within such an enclosure, of specially marked or tagged merchandise." § 812.015(1)(h), Fla. Stat.

Relying upon State v. Blunt, 744 So. 2d 1258 (Fla. 3d DCA 1999), Martinez-Rivero contends the magnetic device and hook are ordinary objects, hence, they are not designed or manufactured for the purpose of

4

defeating inventory control devices and fall outside the ambit of the statute. In Blunt, this court determined aluminum foil used to counteract the effectiveness of security tags could not be deemed an antishoplifting device countermeasure, as it was not specifically "designed, manufactured, modified, or altered" for the sole purpose of defeating a shoplifting or inventory control device. Id. at 1259. We find the facts in the instant dispute distinguishable.

"As with any question of statutory interpretation, our analysis begins with the plain language of the statute." Jimenez v. Quarterman, 555 U.S. 113, 118, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009) (citation omitted). "When the language of a statute is clear and unambiguous and conveys a clear and definite meaning," that is also where our analysis ends. Tallahassee Mem. Reg'l Med. Ctr. v. Tallahassee Med. Ctr., Inc., 681 So. 2d 826, 830 (Fla. 1st DCA 1996) (citation omitted).

Under Florida law, an "[a]ntishoplifting or inventory control device countermeasure" is defined as "any item or device which is designed, manufactured, modified, or altered to defeat any antishoplifting or inventory control device." § 812.015(1)(i), Fla. Stat. Given the lack of qualifying adverbs, the definition does not easily lend itself to the narrow interpretation urged. See T.M.H. v. D.M.T., 79 So. 3d 787, 812 (Fla. 5th DCA 2011)

5

affirmed in part, disapproved in part by 129 So. 3d 320 (Fla. 2013) (Lawson, J., dissenting) ("Where the legislature could have chosen to write a statute a different way, but did not do so, courts cannot disregard language the legislature chose to use, or add additional terms.") (citing Regency Towers Owners Ass'n v. Pettigrew, 436 So. 2d 266, 268 (Fla. 1st DCA 1983); Atl. Coast Line R.R. Co. v. Boyd, 102 So. 2d 709, 712 (Fla. 1958)).

Regardless, while ordinary items, including magnets and hooks, are certainly susceptible to a variety of uses, some innocent and others illicit, here, the metal objects recovered from Martinez-Rivero were far from garden-variety. Multiple witnesses attested the objects were designed for use in removing sensors. Further, a demonstration before the jury, complete with testimony, was had to establish the hook was virtually indistinguishable from a device used to remove security tags within the retail community. Finally, the magnetic device was termed a "Hawkeye," rather than a mere magnet, by the asset protection officer.

Under these circumstances, we conclude the jury was well-within its discretion in concluding the objects were prohibited by the plain language of the statute. Accordingly, we find no error in the denial of the motion for judgment of acquittal and affirm. See Cenatis v. State, 120 So. 3d 41 (Fla. 4th DCA 2013).

Affirmed.