BARKDULL, Judge.
Eleven year-old Dennis Ruiz was injured while playing on the monkey bar section of a jungle gym recreational device owned and maintained by the Westbrooke Lakes Homeowners Association, Inc. Prior to his accident, Dennis played on the jungle gym several times a week and while doing so engaged in various games including tag, in which Dennis and his friends chased each other around the jungle gym attempting to avoid the stigma of being “it.”
Dennis’ injuries resulted from his involvement in one such episode of tag. While playing on the monkey bar section of the jungle gym device, rather than climbing hand-over-hand underneath the horizontal ladder-like apparatus, Dennis chased after his friend, Erick Marin, by climbing, as his friend had done, on top of the apparatus. On top, Dennis pursued Erick along the support beams in the direction of a slide positioned next to the monkey bars. Erick, however, eluded Dennis by jumping off the top of the monkey bar and grabbing hold of a handle bar attached to the slide. Dennis not giving up the chase attempted the same, however was not as fortunate as Erick. Unable to get a firm grip on the slide’s handle bar, Dennis fell to the ground whereby he suffered a fractured clavicle and punctured eardrum.
The case of Hillman v. Greater Miami Hebrew Academy, 72 So.2d 668 (Fla.1954) involves an injury while playing on a monkey bar. This case stands for the proposition that owners of playground equipment are not the insurers of a child’s welfare who may use its playground equipment. Although the Supreme Court affirmed the trial court’s judgment in favor of defendants on the grounds that the facts alleged failed to state a cause of action based on negligence, it did, however, at least passively mention causation and the volitional acts of children. The Supreme Court cited the New York case of Miller v. Board of Education Union Free School District No. 1, Town of Oyster Bay, 249 A.D. 738, 291 N.Y.S. 633 (1936) without further comment, simply holding that this case “disposes of the issue.” The relevant language which the Court relies on is as follows:
“The Defendant breached no duty to the infant plaintiff that had any causal reíation to the accident ... No part of the apparatus was in disrepair and the risk of falling from it was one which was assumed by those who made use of it,[1] which possibly was known to the mother in the case at bar. It is common knowledge that children younger than this in *1174 fant make safe use of this type of apparatus and similar apparatus in school yards and playgrounds.” Miller, 291 N.Y.S. at 634.
Another Florida case is that of Iannacone v. City of North Miami Beach, 123 So.2d 755 (Fla. 3d DCA 1960), which not only cites to Hillman and Miller, but also cites to several other New York cases. From these cited cases it appears, among other things, that liability will not lie where the child’s own act, rather than an alleged insufficiency of supervision, is the sole cause of the injury. See Fein v. Board of Education of City of New York, 104 N.Y.S.2d 996 (1951) and Seda v. Board of Education of City of New York, 2 A.D.2d 666, 152 N.Y.S.2d 356 (1956).
The above cases deal with playground equipment. The two following cases deal with artificial and natural objects upon the land, specifically ropes, swings and trees. Both of these cases affirm summary judgments in favor of the defendant landowner. Briefly, in Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974) the court held that the proximate cause of the injury was not the defendant’s act of allowing a rope swing to be erected so as to swing over a portion of the concrete drive way. Though not specifically stating that the child’s act was the cause of his injuries, this nevertheless can be inferred from the court’s language:
“The question of proximate cause is one for the court where there is an active and efficient intervening cause.” Kwoka at 631.
In other words, whatever negligence there may have been on the part of the landowner, the negligence of the child super-ceded it and became, as a matter of law, the proximate cause of the child’s injury. Applying this to Ruiz, although faulty maintenance was alleged, this is of no consequence, as the proximate cause of Dennis’ injuries was that of his own careless attempt to jump from the monkey bar to the slide.
The second case found dealing with volitional acts of children and summary judgment was that of Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981). In this case, summary judgment was given to the defendant landowner after a child fell out of a large mulberry tree striking his head upon bricks and concrete blocks that were allowed to gather around the base of the tree. The relevant language of Cassel holds that:
“The attractive nuisance doctrine does not protect one against his own clear fault.” Id. at 264.
It is submitted that when a person sues under simple negligence — as in instant case — the result should be the same as above. Again, there is no protection where a person’s own volitional act is the sole proximate cause of his injuries.
No error is found in the order under review, and the summary judgment is therefore affirmed.
Affirmed.
NESBITT, J., concurs.

. We recognize that assumption of the risk no longer acts as an absolute bar to recovery in a negligence action. See Blackburn v. Dorda, 348 So.2d 287 (Fla.1977). As such we do not dispose of the issue on such grounds.