BARKDULL, Judge,
dissenting.
I respectfully dissent and believe the trial court should be affirmed on the authority of Ruiz v. Westbrooke, 559 So.2d 1172 (Fla. 3d DCA 1990); Meyer v. Torrey, 452 So.2d 672 (Fla. 2d DCA 1984) and Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981). If there is no liability for planting a tree with thorns next to a play area, or placing broken concrete blocks under a tree, or placing bricks that form a border under a tree, I do not see any basis for liability in the instant action. Just because an accident happens does not make it foreseeable. There was no evidence that at any time prior to the accident in question had any of the children in the apartment complex climbed the tree above the area where the shrubbery had been trimmed. The warning, if any, given to the landscape employee was of a potential danger of children playing on an adjacent field and chasing a ball which errantly went from the playing field into the shrubbery.