PER CURIAM.
Business Success Group, Inc. (BSG), appeals from an order that denied its motion to determine entitlement to an assessment of attorney’s fees against appellee, Argus Trade Realty Investment, Inc. (Argus). Argus cross-appeals the trial court’s determination that BSG’s motion for attorney’s fees was timely under Florida Rule of Civil Procedure 1.525. . We reverse that part of the order denying trial attorney’s fees.
On December 19, 2000, Argus filed a complaint for eviction against BSG, a tenant in a building owned by Argus. On December 31, 2000, Argus closed the sale of its building to Galleria of Coral Way. BSG moved to dismiss Argus’s complaint and also filed a counterclaim against Argus. The county court granted BSG’s motion to dismiss Argus’s complaint for eviction for lack of standing. After Argus filed a notice stating its intent not to amend its complaint, BSG sought dismissal of the case with prejudice and attorney’s fees pursuant to section 57.105(5), Florida Statutes (2001). On January 10, 2002, the county court dismissed Argus’s case with prejudice, reserved ruling on BSG’s motion for entitlement to attorney’s fees, granted Argus’s motion to release funds deposited in the registry of the court, and transferred the case to the circuit court because BSG’s pending counterclaim exceeded the jurisdictional limits of the county court.
BSG appealed and Argus cross-appealed the' county court’s order to the appellate division of the circuit court. Both parties filed motions for appellate attorney’s fees. BSG also asked the appellate division of the circuit court to remand the case to the trial court to assess appellate and trial attorney’s fees. The' circuit court summarily affirmed the county court’s order without addressing the trial court’s reservation of jurisdiction on BSG’s motion for trial attorney’s fees. By separate order the circuit court summarily denied BSG’s motion for attorney’s fees. This Court summarily denied BSG’s petition for writ of certiorari. Thereafter, BSG filed another motion for attorney’s fees in the trial court. Argus claimed that the motion was *972 untimely under Florida Rule of Civil Procedure 1.525.
In the order that is the subject of this appeal, the court correctly found that the motion for trial attorney’s fees was timely filed. However, the court denied BSG’s motion for appellate and trial attorney’s fees based on law of the case. BSG contends that the trial court erred when it denied its motion for attorney’s fees. We agree the court erred when it denied the motion for trial attorney’s fees but find no error in the court’s denial of BSG’s motion for appellate fees.
The issue of BSG’s entitlement to trial attorney’s fees was not ripe for review by either the appellate division of the circuit court or by this Court in the certiorari proceedings. There was no appealable order or judgment on BSG’s entitlement to trial attorney’s fees because the trial court had reserved jurisdiction on this issue. “An appellate court may not decide issues that were not ruled on by a trial court in the first instance.” Alamagan Corp. v. The Daniels Group, Inc., 809 So.2d 22, 27 (Fla. 3d DCA 2002) (citing Sierra by Sierra v. Public Health Trust of Dade County, 661 So.2d 1296, 1298 (Fla. 3d DCA 1995)). “It is elementary that before a trial judge will be held in error, he must be presented with an opportunity to rule on the matter before him.” Margolis v. Klein, 184 So.2d 205, 206 (Fla. 3d DCA 1966). For the same reason, the trial court also misplaced its reliance on this court’s summary denial of BSG’s petition for writ of certiorari. We, therefore, hold that the court erred when it denied BSG’s motion for trial attorney’s fees.
However, the court did not err when it denied BSG’s motion for appellate attorney’s fees. The appellate division of the circuit court had jurisdiction and acted within its authority when it summarily denied BSG’s motion for appellate attorney’s fees. We find no merit in BSG’s argument that it should be granted reconsideration of the denial of its motion for appellate attorney’s fees based on manifest injustice. See Sierra v. Sierra, 505 So.2d 432, 433 (Fla.1987); Respiratory Care Servs., Inc. v. Shear, 715 So.2d 1054, 1056 (Fla. 5th DCA 1998); Real Estate Apartments, Ltd. v. Bayshore Garden Apartments, Ltd., 530 So.2d 977, 979 (Fla. 2d DCA 1988). “Reconsideration should never be allowed when it would amount to nothing more than a second appeal on a question determined in the first.” Jacobson v. Humana Med. Plan, Inc., 636 So.2d 120, 121 (Fla. 3d DCA 1994).
We also find no merit in Argus’s cross-appeal on the issue of the timeliness of BSG’s motion for attorney’s fees. Rule 1.525 is not yet applicable. Because BSG’s counterclaim remains pending, there has been no final judgment disposing of the entire case. See E & A Produce Corp. v. Superior Garlic Int’l, Inc., 864 So.2d 449, 451 (Fla. 3d DCA 2003).
Accordingly, we affirm the denial of BSG’s motion for circuit court appellate attorney’s fees. We reverse the denial of BSG’s motion for trial attorney’s fees and remand to the trial court with instructions to determine entitlement and the amount of trial attorney’s fees when appropriate.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.