WARNER, J.
Appellant, Chalunda Boston (“Boston”), as personal representative of the estate of Keith L. Jackson, Sr. (“the decedent”), appeals the trial court’s final summary judgment in favor of appellee, Publix Super Markets, Inc., and Edgar Javier Ramos, Publix’s employee, finding that both Publix and Ramos were covered by worker’s compensation immunity for the death of Jackson, a Publix employee. We agree that Publix, the employer, is entitled to immunity under section 440.11 because the employer’s conduct was not virtually certain to produce injury or death, thus failing to meet the statutory exception to immunity. We reverse, however, as to the employee, Ramos, as material issues of fact remain as to whether Ramos was grossly negligent and thus cannot assert statutory immunity.
Appellee Ramos was employed by appel-lee Publix as a spotter driver in the Deer-field Distribution Center. His job was to use Ottawa tractors to move trailers to loading bays to load and unload merchandise at the center. On the morning of the accident, Ramos, operating the Ottawa 934 tractor, was called to a loading dock. The decedent was next to him in a different Ottawa tractor and was called to the same dock. Ramos drove toward the loading dock, backed up the Ottawa 934 into position, and exited the tractor. The decedent also approached the area in his tractor, parked in the neighboring loading dock, and got out of the tractor. Ramos thought the decedent was going to talk to another driver nearby. Ramos went back into the tractor after hooking up to the trailer, looked in his mirrors, and released the air brakes. He backed the trailer flush with the warehouse door, felt a “bump against what [he] thought were the dock pads,” and set his brakes. Another driver began yelling at Ramos to pull forward, because the decedent had been crushed between the rear of the trailer and the warehouse dock pad. The decedent had apparently walked behind the trailer, of which Ramos had no knowledge. The decedent was pinned behind the trailer for two to three minutes, according to another witness, who also stated that with such trailers, the driver would have no way of seeing what was happening directly behind his trailer. The decedent died shortly after the incident.
Although the Ottawa tractors are equipped with backup alarms, an inspection after the incident revealed that the backup alarm on the Ottawa 934 was not working. Ramos testified that he knew the backup alarm was inoperable and had not been working for months. He did not report it to Publix maintenance, nor did he fill out inspection reports designed to call attention to any maintenance problems. *656 Publix’s policy for safety inspections and maintenance would have required that the Ottawa 934 be taken out of service to repair the backup alarm, but the Ottawa 934 was overdue for safety inspections. Nevertheless, it had been in for other maintenance, and the maintenance staff should have checked the backup alarm and taken the tractor out of service to repair it.
No prior accidents had occurred at the distribution center involving Ottawa tractors, with or without a failed backup alarm, in which an employee was pinned between the back of the trailer and the loading dock or where a tractor-trailer backed into an employee. Publix knew of three prior accidents at the distribution center, but none involved a tractor, and none occurred in backing up a vehicle.
Following this incident, Publix was cited by OSHA for having an inoperative backup alarm on the Ottawa 934. The OSHA report stated that Publix “did not furnish to each of [its] employees employment and a place of employment which were free from recognized hazards that were causing or were likely to cause death or serious physical harm to employees.... ”
Boston filed suit against Publix and Ramos for the death of Jackson. In her complaint, Boston alleged that Publix had committed an intentional tort and that Ramos was grossly negligent in the accident. In their answers and affirmative defenses, both Publix and Ramos claimed that they were entitled to worker’s compensation immunity, as worker’s compensation benefits constituted the plaintiffs exclusive remedy. After extensive discovery, both defendants filed motions for summary judgment. Publix argued that Boston could not “establish the extremely high burden required to overcome the workers’ compensation immunity afforded Publix under the 2003 amendments to Section 440.11.” The parties filed extensive affidavits and depositions in support and opposition to the motion. The court granted summary judgment in favor of both defendants, concluding:
After reviewing the facts and circumstances of the instant case, the Court finds that even taking the facts in the light most favorable to Plaintiff, the evidence fails to establish that Publix engaged in conduct that Publix knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the decedent. The Court further concludes that there was no concealment of the risks involved, and the danger should have been obvious to the decedent. Thus, this tragic accident is just that, an act of simple negligence. There are no factual issues to disturb the legislative protection afforded employers under Chapter 440 and both Publix and Ramos are protected by the immunity provision of Chapter 440.
From this judgment, Boston appeals. We review de novo this final summary judgment which finds worker’s compensation immunity. Bender v. CareGivers of Am., Inc., 42 So.3d 893, 894 (Fla. 4th DCA 2010) (citing Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005)).
The worker’s compensation statutes provide a strict liability system of compensation for injured workers in which the worker receives the guarantee of rapid compensation for work related injuries but in return is precluded from bringing a common-law negligence action. The employer is provided immunity from common law negligence suits by the employee. See Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000). Section 440.11, Florida Statutes, provides the limitations on immunity for employers:
*657 The liability of an employer ... shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee ... except ... [w]hen an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer’s actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that ... [t]he employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
§ 440.11(l)(b)2., Fla. Stat. In two recent cases we have extensively discussed the immunity afforded by this statute. See Gorham v. Zachry Indus., 105 So.3d 629 (Fla. 4th DCA 2013), and List Indus. v. Dalien, 107 So.3d 470 (Fla. 4th DCA 2013). We noted in both cases that the statute adopts a “virtual certainty” standard for an exception to immunity, requiring that the employer’s conduct be virtually certain to result in injury or death in order to overcome immunity. Gorham, 105 So.3d at 632-34; List, 107 So.3d at 471. This is “a manifestly more difficult standard to meet. It would mean that a plaintiff must show that a given danger will result in an accident every — or almost every — time.” Id. In Gorham, we noted that our supreme court has explained that the statute provides an exceptionally narrow exclusion from immunity, requiring intentional, deceitful conduct on the part of the employer. 105 So.3d at 633-34 (citing Travelers Indem. Co. v. PCR Inc., 889 So.2d 779 (Fla.2004)).
We also noted in List that these cases are particularly suitable for determination on summary judgment given the extraordinarily high standard to overcome statutory immunity:
The legislature has thus created an exclusive, administrative, no-fault remedy that is unaffected by comparative negligence in exchange for broad immunity from lawsuits for employers and coworkers. The goal of this policy is to avoid lawsuits at the outset, not simply to prevent adverse verdicts against employers and coworkers at the end of lengthy litigation. If the trial courts are to foster these legislative policies, they must serve as gatekeepers at the initial stages of litigation.
107 So.3d at 473-74 (quoting Fleetwood Homes of Fla., Inc. v. Reeves, 833 So.2d 857, 864-65 (Fla. 2d DCA 2002), rev’d on other grounds, 889 So.2d 812 (Fla.2004) (emphasis added in List)).
Based upon these authorities, the summary judgment in favor of Publix must be affirmed. In order to overcome the immunity, three elements must be proved:
1. the employer engaged in conduct that the employer knew, based on similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee; and
2. the employee was not aware of the risk because the danger was not apparent; and
3. the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
*658 Gorham, 105 So.3d at 632-33. Failure to prove any one of them will prevent the exception from applying. See id. at 633.
In this case, the evidence fails to support any of the elements, although we need to address only the first element. First, there is no evidence that prior similar accidents occurred. The accidents described-by Boston as being.similar were in fact not similar to the accident here. The accidents did not concern the same danger — that is, the non-functional backup alarm, which caused the harm in this case — or even a similar danger. Second, lack of a backup alarm does not with virtual certainty result in injury. While it may make injury more likely, the statute demands far more. As we noted in List, it means that “a given danger will result in an accident every — or almost every— time.” 107 So.3d at 471. The evidence here shows that the backup alarm on tractor 934 had not operated for some period of time.
We specifically reject Boston’s contention that the virtual certainty standard is met, because it may be certain that at some time an accident will occur as a result of the lack of a backup alarm. We adopt Judge Altenbernd’s analysis of this argument in Fleetwood:
[A]ny modestly dangerous activity at a workplace that is repeated often enough or long enough will eventually result in an accident. Although the concept of “gross negligence” examines the combination of circumstances to evaluate the relevant risk, it does not add together or cumulate the individual probabilities of an accident on each occasion to reach a conclusion that an accident is inevitable or that a risk is inordinately high. The tortfeasor’s conduct must be evaluated in the context of the particular occurrence. In this case, if anything, the numerous successful performances of the challenged procedure show that a risk of an accident on April 1, 1991, was far from imminent. This is not a case in which the employer continued to use the procedure after earlier mishaps or after it received warnings from other governmental or nongovernmental entities.
833 So.2d at 868 (emphasis added).
The court correctly entered summary final judgment on behalf of Publix. Publix was entitled to statutory immunity for the accident.
The standard for immunity is different for the employee, Ramos. Section 440.11(1), Florida Statutes, provides:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when the employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, until respect to a fellow employee, with willful and wanton disregard or ... with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death....
(emphasis added). The statute does not adopt the same virtual certainty standard for injury as applies to the employer directly.
The parties do not contest that Ramos was acting in furtherance of Publix’s business when the decedent was killed. The only issue was whether Ramos acted with gross negligence, causing the decedent’s death.
“Gross negligence ... is defined as an act or omission that a reasonable, prudent person would know is likely to result in injury to another.” Eller v. Shova, 630 So.2d 537, 541 n. 3 (Fla.1993) (citing Glaab v. Caudill, 236 So.2d 180 (Fla. *659 2d DCA 1970)). In contrast, “ ‘simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons. ...”’ Carraway v. Revell, 116 So.2d 16, 22 (Fla.1959) (quoting Bridges v. Speer, 79 So.2d 679, 682 (Fla.1955)).
In Hoyt v. Corbett, 559 So.2d 98 (Fla. 4th DCA 1990), this Court addressed gross negligence in the context of worker’s compensation immunity. There, the decedent’s estate was awarded a verdict after the appellant, the employee, electrocuted the decedent at the workplace. This Court explained, quoting Glaab, 236 So.2d at 183-84, that:
[A] finding of gross negligence requires the following:
[FJirst of all, gross negligence presupposes the existence of a “composite” of circumstances which, together, constitute an “imminent” or “clear and present” danger amounting to more than normal and usual ... peril....
Secondly, gross negligence must be predicated on a showing of chargeable knowledge or awareness of the imminent danger spoken of.
And thirdly, the act or omission complained of must occur in a manner which evinces a “conscious disregard of consequences,” as distinguished from a “careless” disregard thereof (as in simple negligence) or from the more extreme “willful or wanton” disregard thereof (as in culpable or criminal negligence).
Hoyt, 559 So.2d at 100.
The circumstances in this case raise a material issue of fact as to whether Ramos acted with gross negligence as defined in Glaab and Hoyt. Viewing the evidence in the light most favorable to the plaintiff, Ramos knew that the backup alarm was not functioning; knew that it had been non-functional for several months; knew that Ottawa tractor drivers could not see the area directly behind the tractor; and, prior to crushing Jackson to death, knew that at least one other worker was in the area of the loading dock. Taking the plaintiffs allegations as true, Ramos did not tell the Publix maintenance department about the broken alarm and frequently failed to complete Ottawa tractor safety reports, which would tend to show a conscious disregard of the consequences. Finally, taking all possible inferences in the light most favorable to the plaintiff, Ramos regularly disregarded the known risks by operating the tractor in reverse without the backup alarm and frequently ignored vitally important safety rules without regard to the potentially fatal consequences.
As this court has recently noted, “ ‘[sjummary judgment may not be used as a substitute for trial. If the affidavits and other evidence raise any doubt as to any issue of material fact then a summary judgment may not be entered.’ ” E. Qualcom Corp. v. Global Commerce Ctr. Ass’n, 59 So.3d 347, 350-51 (Fla. 4th DCA 2011) (quoting Cummins v. Allstate Indem. Co., 732 So.2d 380, 382-83 (Fla. 4th DCA 1999)); see also Fischer v. Bernard’s Surf, 217 So.2d 576, 577 (Fla. 4th DCA 1969) (“In passing upon a motion for summary judgment, the trial judge may not permit his [or her] decision to be influenced by the chance of success which he [or she] considers either party,may have on the trial.”). Here, the evidence raises material issues of fact on the claim of gross negligence of the Publix employee.[1]
*660 For the foregoing reasons we affirm the final judgment in favor of Publix based upon worker’s compensation immunity, but we reverse the summary judgment in favor of Ramos and remand for further proceedings on the claim of gross negligence.

Affirmed in part; reversed in part.

CIKLIN, J., and BLANC, PETER, Associate Judge, concur.

. We note that the order on summary judgment never addresses gross negligence, but the court still entered a summary final judgment in favor of Ramos.