ROTHENBERG, J.
Manolo Figueroa (“Figueroa”) appeals the trial court’s entry of final summary judgment in favor of his statutory employer, Master Construction of South Florida, Inc. (“Master Construction”), finding that Master Construction was covered by workers’ compensation immunity for the personal injuries sustained by Figueroa. We affirm.
Figueroa’s action was brought under the intentional tort exception to workers’ compensation immunity as set forth in section 440.11(l)(b)2., Florida Statutes (2009). The intentional tort exception to workers’ compensation immunity is applicable when the employee proves by clear and convincing evidence the following three elements:
1. the employer engaged in conduct that the employer knew, based on similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee; and
2. the employee was not aware of the risk because the danger was not apparent; and
3. the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
Boston v. Publix Super Mkts. Inc., 112 So.3d 654, 657-58 (Fla. 4th DCA 2013) (citing Gorham v. Zachry Indus., Inc., 105 So.3d 629, 632-33 (Fla. 4th DCA 2013)).
In the instant case, the record conclusively demonstrates that there were no prior similar accidents or a specific warning explicitly identifying a known danger, which would thereby establish that Master Construction engaged in conduct it knew was “virtually certain to result in injury or death” to Figueroa. Further, the unrefut- *273 ed evidence demonstrates that the danger or risk was apparent to Figueroa, and that there was no concealment or misrepresentation by Master Construction. Therefore, as Figueroa cannot establish as a matter of law that the intentional tort exception to workers’ compensation immunity is applicable, the trial court properly entered final summary judgment in favor of Master Construction. See Boston, 112 So.3d at 657 (affirming entry of final summary judgment on workers’ compensation immunity, noting that the intentional tort exception set forth in section 440.11(l)(b)2. “adopts a ‘virtual certainty5 standard ..., requiring that the employer’s conduct be virtually certain to result in injury or death in order to overcome immunity”); List Indus., Inc. v. Dalien, 107 So.3d 470 (Fla. 4th DCA 2013) (noting that based on the “stringent” virtual certainty standard required to overcome an employer’s statutory immunity under section 440.11(l)(b)2., the issue of whether the exception is applicable is “amendable to being decided on summary judgment”); see also Vallejos v. Lan Cargo S.A., 116 So.3d 545 (Fla. 3d DCA 2013). Accordingly, we affirm.
Affirmed.