[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10714
Non-Argument Calendar
_____

Docket No. 1:12-cv-20550-PCH

PEDRO PRECIADO RODRIGUEZ,

Plaintiff-Appellant,

versus

AKAL SECURITY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 21, 2013)

Before MARTIN, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this state-law action, Pedro Preciado Rodriguez ("Plaintiff") appeals the district court's grant of summary judgment in favor of Akal Security, Inc. ("Defendant") on Plaintiff's negligence claim.  Plaintiff was injured by falling from a tall thing on which he had climbed.  No reversible error has been shown; we affirm.

Plaintiff is a citizen of Mexico who reentered the United States illegally after having been deported.  Plaintiff was arrested and detained at Krome Service Processing Center.  Pursuant to a contract with Immigration and Naturalization Service ("INS"), Defendant provided security services at Krome.

While being detained at Krome, Plaintiff injured himself on a piece of exercise equipment called a ProMaxima Hip and Dip Combo ("ProMaxima").  The ProMaxima is a stationary piece of equipment with no moving parts.  It is designed for users to perform chin-up exercises on one side and hip and dip exercises on the other side.  The chin-up side of the ProMaxima includes handle bars that are 92 inches off the ground and two 14-inch steps to allow users to reach up and grab the handle bars.  The dip side contains two padded parallel bars with handles that are 55 inches from the floor and that allow users to perform both hip and dip exercises.

Video surveillance showed Plaintiff approach the ProMaxima, climb up the dip side of the equipment so that he was standing on the padded parallel bars, and then continue to climb over the top of the ProMaxima toward the chin-up side. From the top of the ProMaxima, Plaintiff jumped or fell to the concrete floor and suffered serious injuries. The entire incident -- starting with Plaintiff's approach and ending with his fall -- lasted about six to seven seconds.

When Plaintiff's injury occurred, Krome's gym was being supervised by two of Defendant's employees. According to Plaintiff, at least one of the guards saw him climb the machine and yelled "superman" before Plaintiff jumped or fell to the floor.

Plaintiff's complaint against Defendant asserted one cause of action for negligence. Briefly stated, Plaintiff asserted that Defendant failed to instruct him on how to use the ProMaxima, failed to warn him about the dangers of using the ProMaxima as he did, and failed to supervise him properly while he used the ProMaxima.

The district court granted Defendant's motion for summary judgment, concluding that Defendant owed no duty to warn Plaintiff about an open and obvious danger or to instruct him on the obvious use of the ProMaxima. The district court also concluded that, even if Defendant owed Plaintiff a duty of care, the alleged breach of that duty was not the proximate cause of Plaintiff's injuries.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008). Summary judgment is appropriate where the record presents no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Swisher Int'l, Inc. v. Schafer, 550 F.3d 1046, 1050 (11th Cir. 2008).

To recover for negligence in Florida, a plaintiff must show (1) that the defendant owed the plaintiff a duty of reasonable care; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages. See Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).

"Where a defendant's conduct creates a *foreseeable zone of risk*, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." Henderson v. Bowden, 737 So. 2d 532, 535 (Fla. 1999) (emphasis in original). But a defendant has no duty to warn of an open and obvious danger. Siemens Energy & Automation v. Medina, 719 So. 2d 312, 314-15 (Fla. Ct. App. 1998) (concluding that defendants were entitled to a directed verdict on plaintiff's negligence claim because "there was no duty to warn the plaintiff of the obvious

4

danger of standing on the top of a 9-foot high piece of equipment that was not designed to be used as a work platform and of the possibility of falling off.").

On appeal, Plaintiff asserts that Defendant was negligent for failing to tell Plaintiff to stop once Plaintiff had started climbing to the top of the ProMaxima.[*] Because the danger associated with climbing to the top of the ProMaxima and falling to the concrete floor below was open and obvious, Defendant owed no duty to warn Plaintiff of that danger (either before or after Plaintiff had already climbed the equipment) or to instruct Plaintiff that proper use of the ProMaxima did not involve climbing over the top of the equipment.  See id.

That Plaintiff was a detainee under the supervision of Defendant's employees does not change our analysis.  See Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla. 1989) (detainees are owed a common law duty of care).  And, although Defendant was contractually obligated to protect detainees from personal injury, nothing evidences that Defendant's contract with the INS imposed on Defendant a duty to warn of obvious dangers greater than the duty imposed by common law.

Plaintiff also argues that, once Defendant's employees saw him climbing on top of the ProMaxima, they not only failed to stop him but they encouraged him by yelling "superman."  Assuming that Plaintiff's version of the facts is true -- as we

---

[*] In his briefing, Plaintiff characterizes the negligence claim as a "failure to intervene."  These words do not appear in the complaint.  Moreover, the core of Plaintiff's claim in this case is that Defendant failed to tell him to stop; we understand Plaintiff's claim to be in line with the "failure to warn" or "failure to instruct" precedents in Florida law.

5

must under summary judgment review -- Plaintiff cannot show that Defendant's conduct proximately caused his injuries.

The ProMaxima in and of itself is no dangerous piece of equipment. But Plaintiff himself created a dangerous condition when he improperly climbed on top of the ProMaxima, a use that was clearly not intended. Under Florida law, plaintiffs cannot recover under a theory of negligence "where [the plaintiff's] own volitional act is the sole proximate cause of his injuries." Ruiz v. Westbrooke Lake Homes, Inc., 559 So. 2d 1172, 1174 (Fla. Ct. App. 1990) (affirming summary judgment in favor of defendants when an 11-year old boy's own act -- attempting to jump from the top of the monkey bar section of a jungle gym onto the slide -- proximately caused his injuries). That Defendant's employee yelled "superman" after Plaintiff was already climbing the ProMaxima -- and in response to Plaintiff's climbing -- does not break the causal chain. See Worthington v. United States, 21 F.3d 399, 406 (11th Cir. 1994) (explaining that, under Florida law, "to be an intervening cause sufficient to break the chain of causation . . . the intervenor's negligence must be truly independent of and not set in motion by the original negligence.").

Because no genuine issue of material fact exists, Defendant was entitled to summary judgment.

AFFIRMED.

6