# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.

_____

No. 3D14-794
Lower Tribunal No. 10-43079
_____

**Mirta Moradiellos, etc.,**
Appellant,

vs.

**Community Asphalt Corporation, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Diaz Reus & Targ, LLP, and Juan Ramirez, Jr.; Alan Goldfarb, P.A., and Alan Goldfarb and Liah Catanese, for appellant.

Marlow, Adler, Abrams, Newman & Lewis, and Rosemary Wilder, for appellee.

Before SALTER, EMAS, and LOGUE, JJ.

LOGUE, J.

**ON MOTION FOR REHEARING AND/OR MOTION FOR**

**CLARIFICATION**

Upon consideration of the appellant's motion for rehearing and motion for clarification, we deny the motion for rehearing, but grant the motion for clarification, and withdraw our opinion dated June 3, 2015, and substitute the following opinion in its place.

Arturo Moradiellos was killed while working on the Florida Turnpike as an asphalt surveyor. At the time of the accident, Mr. Moradiellos was employed by the Community Asphalt Corp. ("Contractor"), who served as the general contractor on the project. His wife, Mirta Moradiellos, both in her individual capacity, and as the personal representative of the estate of Arturo Moradiellos (jointly "the Estate"), sued the Contractor and others. The Contractor moved for summary judgment on the basis of Worker's Compensation immunity. The trial court granted the motion and entered judgment for the Contractor. The Estate appealed. We affirm.

FACTS AND PROCEDURAL BACKGROUND

The project on which Mr. Moradiellos was killed entailed the widening of the Turnpike from north of Sunrise Boulevard to Atlantic Boulevard, a distance approximately 17 miles in length. Mr. Moradiellos worked as a surveyor who determined where road surface markings and traffic lines should be painted once

2

the asphalt was laid down. He worked at night. The Contractor typically provided the asphalt construction crew with a rack of portable lights, which were transported along the project site on a pick-up truck, and sometimes provided these portable lights to the asphalt survey crew to which Mr. Moradiellos belonged. At the time of the accident, however, the truck with the portable lights was situated near the asphalt construction crew and Mr. Moradiellos was approximately 600-700 feet away from the lights. Mr. Moradiellos was under a deactivated "high mast" light and working with a flashlight and headlamp.

Shortly before the accident occurred, the dump truck that struck and killed Mr. Moradiellos was stationed a mile north of him, also in the northbound lanes. The driver was told to take the truck to the same area where Mr. Moradiellos was working. According to sworn testimony, the only evidence properly in the record in this case for purposes of summary judgment, the driver was specifically instructed to take the southbound lanes south below the work site and approach the work area driving north on the northbound lanes.[1] Instead, he drove the truck

_____

[1] The Estate directs our attention to a letter in the record to the Unemployment Appeals Commission from the driver, which provides as follows:

> Please be advised that on December 12, 2009, I was fired by Gilberto Gonzalez, Transportation Supervisor without cause, after I was ordered by Eddie, Supervisor of Milla [sic] Machine, to put the truck in reverse.

Florida Rule of Civil Procedure 1.510 (e) specifies that

3

backwards going south on the northbound lanes for over a mile, without any outside assistance to guide him while operating in reverse, even though doing so violated company policy. In the course of backing up, the truck ran over and killed Mr. Moradiellos. Mr. Moradiellos was facing away from the truck and speaking on the radio with his supervisor the moment of the accident. He and the truck driver were unaware of each other's presence.

Following Mr. Moradiellos' death, the Estate filed suit against multiple parties involved on the project. Over three years later, the Contractor moved for summary judgment asserting that the suit was barred by worker's compensation

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Because the letter is unsworn, it obviously does not rise to the level of an affidavit or sworn testimony envisioned by the summary judgment rule. Moreover, the letter was simply attached as an exhibit to "Plaintiff's Response in Opposition to Defendant, Community Asphalt Corp.'s Motion for Summary Judgment" without authentication by affidavit or other means indicating that the letter is what it purports to be. An unauthenticated letter that is offered to prove the truth of statements contained therein does not set forth facts that would be admissible in evidence, and therefore does not meet the requirements of the summary judgment rule. It is not properly part of the summary judgment record and cannot be considered when deciding to grant or deny summary judgment. First Union Nat'l Bank of Fla. v. Ruiz, 785 So. 2d 589, 591 (Fla. 5th DCA 2001); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So. 2d 707, 709 (Fla. 4th DCA 1997). We note that the Estate had over three years and six months (from filing the suit on August 10, 2010, to the hearing on summary judgment on March 3, 2014) to depose the driver or otherwise assemble evidence to contest the summary judgment.

4

immunity. Following a hearing, the trial court granted the motion and entered judgment for the Contractor. The Estate appealed.

ANALYSIS

"Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." Menendez v. W. Gables Rehab. Hosp., LLC, 123 So. 3d 1178, 1180 (Fla. 3d DCA 2013) (quoting The Florida Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006)). It is proper only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The granting of summary judgment presents a pure issue of law that is reviewed by the District Court of Appeal de novo. Greene, 926 So. 2d at 1200.

The system of Workers' Compensation is designed to "provide a strict liability system of compensation for injured workers in which the worker receives the guarantee of rapid compensation for work related injuries but in return is precluded from bringing a common-law negligence action. The employer is provided immunity from common law negligence suits by the employee." Boston v. Publix Super Mkts. Inc., 112 So. 3d 654, 656 (Fla. 4th DCA 2013). This immunity, however, is subject to certain exceptions.

The Estate filed suit against the Contractor under the exception for intentional torts found in section 440.11(1)(b), Florida Statues (2009), which allows for liability "[w]hen an employer commits an intentional tort that causes the injury or death of the employee." As we have previously held,

> The intentional tort exception to workers' compensation immunity is applicable when the employee proves by clear and convincing evidence the following three elements:
>
> 1. the employer engaged in conduct that the employer knew, based on similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee; and
>
> 2. the employee was not aware of the risk because the danger was not apparent; and
>
> 3. the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

Figueroa v. Delant Const. Co., 118 So. 3d 272, 272 (Fla. 3d DCA 2013) (quoting Boston, 112 So. 3d at 657-58); see also Gorham v. Zachry Indus., Inc., 105 So. 3d 629, 632-33 (Fla. 4th DCA 2013).

Here, a trier of fact could not find, based on the undisputed facts in the summary judgment record, that the General Contractor committed an intentional tort that falls within this statutory exception to immunity. The facts do not reflect, and cannot support a reasonable inference, that the Contractor was virtually certain that its conduct would cause injury. For example, the record does not contain facts

6

that would support a finding that there were prior accidents of the kind that killed Mr. Moradiellos. Nor does the record support a finding that there were any "explicit warnings identifying a known danger" which "would thereby establish that [the Contractor] engaged in conduct it knew was 'virtually certain to result in injury or death.'" Figueroa, 118 So. 2d at 273. Nor does the record contain facts that would support a finding that "the employer deliberately concealed or misrepresented the danger." Id. In fact, based upon the evidence properly within the record for summary judgement, the dump truck driver violated the Contractor's safety policy and specific instructions to approach the work area driving north on the northbound lanes. In this record, there are not sufficient facts to justify a trial on the issue of whether the intentional tort exception applies. For this reason, summary judgment was appropriate. Greene, 926 So.2d at 1200; Vallejos v. Lan Cargo, S.A., 116 So. 3d 545 (Fla. 3d DCA 2013); Boston, 112 So. 3d at 657. We affirm without discussion the other issues on appeal.

Affirmed.